CONRAD MEULEY V. JACOB ZEIGLER.

A return to a writ of attachment, "levied upon land," is defective, if it fail to describe the land with such certainty, that, by its own terms, it may be identified, without resorting to parol evidence.   The return should be certain in itself, and should also show that the property levied on, was attached as the property of the defendant.

A return of a levy on such writ, as follows: "Received, June 17th, 1853; levied same day, on lot No. 5, in block No. 12, in presence of R. S. Rankin, J. B. McCown, and Nelson Vosburg, with the improvements," is defective, and will create no lien upon the property levied on, in favor of the attaching creditor, against a purchaser without actual notice that the attachment had been levied.

The purchaser of land, who consults with an attorney about the title, before making the purchase, is not thereby chargeable with all the knowledge the attorney may possess, about the matter concerning which he is consulted.

A deed without subscribing witnesses, but which has been acknowledged by the grantor before a proper officer, may be read in evidence, on proof of its execution; which may be made by the grantor, if not interested in the suit; or by any other person who was present at the execution of it.   A deed thus executed, is valid and effectual to pass title.

APPEAL from Nueces.   Tried below by agreement of parties, before F. Faunt Le Roy, Esq., special judge, the presiding district judge being disqualified to try the case.

This was a suit commenced on the 17th April, 1855, by Jacob Ziegler, the appellee, against Conrad Meuley, the appellant, to enjoin the sale of a lot of ground which the appellant was endeavoring to subject to the payment of a judgment obtained by him, on the 20th March, 1855, against one George Hoenig, for the sum of $190.

The appellant instituted his suit against George Hoenig, in the county of Nueces, on the 17th June, 1853, and on the same day, a writ of attachment was issued against the defendant therein, on which the sheriff indorsed the following return, to wit: "Received, June 17th, 1853; levied, same day, on lot No. 5, in block No. 12, in presence of R. S. Rankin, J. B. McCown, and Nelson Vosburg, with the improvements."

The judgment against Hoenig decreed that the lot, described

therein, according to said return, and being in the city of Corpus Christi, be sold to satisfy the said judgment.

Zeigler, in his petition, alleged, that on the first day of November, 1853, he purchased of the said Hoenig, by deed of conveyance, duly executed and recorded in the proper office of said county, lot No. 5, in block No. 12, on the beach, in the city of Corpus Christi, in said county, for a valuable consideration, and in good faith, paying therefor its full value, without notice that it was in any way claimed to be subject to the said attachment. The petitioner also alleged, that the judgment and claim of the appellant to sell the said lot so purchased by him, as that decreed to be sold as aforesaid, constituted a cloud upon his right and title to said property, and that he, the said appellant, would, as he threatened to do, cause the same to be advertised and sold, to satisfy the said judgment.    There was a prayer for injunction, and that the property might be released from the attachment and all executions thereon.    Injunction granted.

On the trial, the plaintiff introduced and examined as a witness, W. Merriman, who stated, that he had been employed and acted as the attorney of Hoenig, in the suit between the appellant and said Hoenig, (the record of which was also in evidence, as also the deed from Hoenig to Zeigler, with parol evidence identifying the lot;) that during its pendency, he was consulted professionally by Zeigler, as to his being able to purchase from Hoenig the lot now in controversy with safety; that he told Zeigler to examine the county records, to see if there was any conveyance of record; that Zeigler being satisfied that there was no adverse claim on record, he advised him that it would be safe to make the purchase.    Witness supposed that the attachment had been levied upon the lot, but said nothing to Zeigler upon that subject, because he believed the suit was settled, and was or would be dismissed.    The witness stated substantially, that he had derived that impression, from a casual conversation he had had with Meuley.    The suit was not in fact dismissed, but prosecuted to judgment.

There was a verdict and judgment for the plaintiff; the in-
7

junction was perpetuated; and there was a decree adjudging the title to the lot to be in the plaintiff, removing the cloud from his title, and quieting his possession thereof. The other facts appear in the opinion.

*Allen & Hale*, for the appellant.—The counsel for the appellant desire to call the attention of the court to two leading points in this case: first, the admission in evidence of the deed from Hoenig to Zeigler, without subscribing witnesses; secondly, the overruling the motion for a new trial, when the proof showed that Zeigler had notice, through his attorney, of the lien of the attachment.

1. A deed, under our laws, cannot be proved by testimony going to establish the signature of the grantor, when there are no subscribing witnesses, (Hart. Dig. Art. 170;) and such a deed is not valid. (Merwin v. Camp, 3 Conn. 35; Markley v. Swartzlander, 8 W. & S. 172; Jones v. Crawford, 1 McMullan, 373.)

2. The omission in the sheriff's return, in not stating that the lot attached, was in the city of Corpus Christi, was a mere clerical error, and was fully supplied by the testimony. (Alexander v. Miller, 18 Texas Rep. 897, 898.) The defendant's agent, Merriman, testified that he knew that the attachment was levied on the lot in question, when Zeigler took his advice about the purchase. This knowledge bound Zeigler; and the informal, offhand conversation of Merriman, with Meuly, afforded no excuse for not apprising Zeigler of the true state of the case. That conversation only intimated the possibility of a compromise with Hoenig; but the suit was not, in fact, dismissed, nor was there any binding agreement, of which Zeigler could take advantage. (Land v. Elliot, 1 Sm. & M. 608.)

*McKinney & Hughes*, for the appellee.

BELL, J.—We are of opinion that the return of the sheriff upon the attachment, in the case of Meuley against Hoenig, was not such a return as would create a lien upon the property in question, in favor of Meuley, against a purchaser, without actual notice, that the attachment had been levied upon the pro-

perty. The return of the sheriff was as follows: "Received, June 17th, 1853; levied, same day, on lot No. 5, in block No. 12, in presence of R. S. Rankin, J. B. McCown, and Nelson Vosburg, with the improvements." Without parol evidence to render this return more certain, it would be impossible to ascertain, from the return itself, upon what particular property the writ was levied. The return is also defective, in not stating that the property levied on was levied on as the property of the defendant in the attachment.

It is only by virtue of the statute authorizing proceedings by attachment, that the court is empowered to decree the sale of the particular property which has been attached. In decreeing the sale of the attached property, the court proceeds upon the evidence furnished by the officer's return, that the property is, in fact, the property of the defendant. It very seldom happens, that evidence other than that furnished by the return upon the writ, is produced, to show to the court, that the property which has been attached is the defendant's property. Where real property is ordered to be sold by the decree of the court, in suits by attachment, the return of the officer upon the writ, becomes important, as a link in the chain of title of the purchaser: and, for this reason, the return should be certain in itself, and should also show that the property levied on was attached as the property of the defendant.

This point was fully considered by the Supreme Court of Iowa, in the case of Tiffany v. Glover, 3 Iowa, 387; (quoted by Drake in his work on Attachments, page 238.) In that case the court said, "In proceedings in attachment, the jurisdiction of the court is obtained by special authority, derived from the legislature, and hence the doctrine of presumption, as applicable to courts, in the exercise of common law powers, cannot apply. In attachments, as we have said, it is the levy which confers jurisdiction, and if this appears defective, it cannot be obviated by legal intendment, or covered by the favor usually extended to courts in the exercise of their ordinary jurisdiction. This first step, necessary to confer power upon the court to charge the

land, must be correctly taken, or all subsequent proceedings under the attachment will be *coram non judice*, and void. The sheriff, under the statute, is only authorized to attach the property of the defendant. It should appear affirmatively, upon his return, that, in this particular, he observed the statute. The sheriff should have returned, that the property attached, was attached as the property of the defendant. In no other way could the court legally know the fact, and not until this fact was before the court, could the court proceed against the land, as the land of the defendant. If the property of the defendant was not attached, there was no lien, there was no levy: and as the fact, that it was attached as the property of the defendant, was essential to constitute a levy, such fact could not be established by extraneous evidence *dehors* the return." These views are said to be in accordance with the doctrine of the courts of Virginia, Kentucky, and Missouri, in regard to attachments of personalty. (Drake on Attachments, § 238, and cases cited in the note.)

We are of opinion, that the failure to describe the property levied on with sufficient certainty to identify it, and the failure to state in the return that the property levied on was attached as the property of the defendant, are defects of so grave a character, that no lien upon the property was created by virtue of the attachment; at least, as against a purchaser from the defendant, without actual notice of all the proceedings. How far the return might have been amended, so as to make the attachment operative as between the original parties, is a grave question, and one which need not now be discussed.

It is not pretended that Zeigler had actual notice of the levy of the attachment upon the property, before he purchased it from Hoenig. But it is contended, that he consulted Merriman about the title to the property; that Merriman was Hoenig's attorney in the attachment suit, and had knowledge of the levy of the attachment upon the property in controversy; and that Zeigler is, therefore, to be charged with notice. The principle is undoubtedly a sound one, that a principal is generally chargeable with notice to his agent. But this principle cannot be

stretched so far, as to charge every man who consults an attorney about the title to land, with all the knowledge which the attorney may possess about the matter concerning which he is consulted.

There is only one other question in the case which need be noticed. It was objected, that the deed from Hoenig to Zeigler was inadmissable in evidence, inasmuch as it had no subscribing witness, and therefore could not be proved by a subscribing witness. The deed was acknowledged by Hoenig before a notary public, but had no subscribing witness. The deed was valid without subscribing witnesses, having been acknowledged by the grantor before an officer, authorized by law, to take his acknowledgment, and to certify the same. (See Hartley's Dig. Art. 2777.) The deed being valid, and effectual to pass title, it was competent for the party offering it in evidence, to prove its execution, either by the grantor, if he were not interested in the suit, or by any other person who saw the deed executed.

We think there is no error in the judgment of the court below, and it is affirmed.

Judgment affirmed.