## P. J. WILLIS & BRO. v. MOORING & BLANCHARD.

(Case No. 1829.)

1. ATTACHMENT.— In a proceeding by attachment upon claims, part of which are due and part not due, it is not necessary that the affidavit should show, in terms, how much of the debt was due and how much not due, when the petition and affidavit, which refer to each other, contain the requisite data for making certain that fact by calculation.

2. CASE DISTINGUISHED.— This case distinguished from Cox v. Reinhardt, 41 Tex., 591, Seligson v. Hobby, 51 Tex., 147, and Evans v. Tucker, 59 Tex., 249.

3. ATTACHMENT — RETURN OF SHERIFF.— The failure of the sheriff to state in his return on the writ that the property levied on was the property of the defendant in attachment affords no ground for quashing the attachment.

4. CASES DISCUSSED.— 5 Rand. (Va.) Rep., 596; 2 Kansas, 340; 13 Ohio, 209; and Meuley v. Zeigler, 23 Tex., 90, discussed and reviewed.

5. JURISDICTION — ATTACHMENT.— Jurisdiction over attachment proceedings is part of the general jurisdiction conferred on the courts in which they are cognizable, and the same presumption will be indulged in favor of that jurisdiction as in other cases, and the same intendments in favor of the officer executing the writ of attachment.

6. RETURN OF WRIT.— The fact that a writ of attachment is not filed in court until after the return day will afford no ground for quashing the attachment.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

The opinion states the case.

*G. E. Mann*, for appellants, cited: Primrose v. Roden, 14 Tex., 1, 2; Tarkinton v. Broussard, 51 Tex., 554; Barbee v. Holder, 24 Tex., 225, 226.

*Labatt & Noble*, for appellees, cited: Sydnor v. Totham, 6 Tex., 196; Cox v. Reinhardt, 41 Tex., 593; Espey v. Heidenheimer, 58 Tex., 667; Evans v. Tucker, 59 Tex., 249; Meuley v. Zeigler, 23 Tex., 90; Drake on Attachment (4th ed.), 270.

WILLIE, CHIEF JUSTICE.— It was objected to the attachment proceedings below that the petition disclosed that part of the debt was due and part not due, and yet the affidavit did not show how much had matured and how much had not at the time the suit was commenced.

The petition did disclose both by means of the notes, which were copied in it, and by distinct averment, that two of these notes were due and one was not due when the suit was filed. It was a mere matter of calculation to ascertain the exact sum of money due upon

each matured note at the time the suit was commenced, all the data for that purpose being found in the petition and affidavit, which make reference to each other, and these calculations are not required to be made even in attachment suits. Morgan v. Johnson, 15 Tex., 568. It was very evident from the face of the third note when it would become due, and there is nothing either in the petition or affidavit to show that the plaintiffs sued upon this as a matured debt. The allegations of the petition are directly to the contrary, and the statements of the affidavit are not inconsistent with it. The affidavit states that the defendants are indebted upon the three notes, but this does not imply that they are all overdue. The maker of a note not yet due is indebted to the holder, though the time when the indebtedness can be enforced has not arrived.

This case is different from those of Cox v. Reinhardt, 41 Tex., 591; Seligson v. Hobby, 51 Tex., 147; and Evans v. Tucker, 59 Tex., 249. In the first of these cases the attachment was quashed because the suit was brought as if for a debt past due, when the note upon which it was in part founded had not matured. In Seligson v. Hobby the attachment was held bad because, it was said, the only intimation that the cause of action had matured was from a copy of the note set out in the pleadings. In this case, as we have seen, the suit purports to be brought in part upon a note not due, and this is shown not only by a copy of the immature note but by express averment in the petition.

We have no desire to extend the principles of the decisions any further than they have gone, especially as our Revised Statutes authorize a more liberal construction of the attachment law. In Evans v. Tucker the petition stated one date of maturity and the affidavit another, so the decision is not applicable to the present case.

We can see no reason why it should be a good ground for quashing this attachment that the sheriff's return does not state that the property levied on was the property of the defendant in attachment.

In case of a judicial attachment the defendant is not personally served with process, and a judgment may be taken against him merely upon the ground that his property has been seized, and he has not answered to the action. The power of the court to take jurisdiction and render the judgment by default depends upon the fact that the property of the defendant has been levied on, and hence it has been held that this must appear upon the face of the record to give validity to the judgment. 5 Rand. (Va.) Rep., 596. Hence if the record does not show that the property taken was the

property of the defendant, it discloses the fact that he was not brought into court, and the judgment against him is void.

Again, when jurisdiction of a non-resident can be obtained only by publication, and the levy of an attachment upon his property, it is held by some courts that the return of the sheriff should show that he had levied upon property of the defendant, when, in a collateral proceeding, title to the property is sought to be deraigned through the attachment proceedings. 2 Kans., 340; 13 Ohio, 209.

These decisions proceed upon the ground that, in those states where they were made, it was necessary that a non-resident or absent party not personally served with process should have property in the state where the suit was brought, subject to attachment, in order to give the court jurisdiction of the suit; and that in a collateral proceeding the record must show this necessary fact or it would not appear that the court had jurisdiction.

Whilst the doctrine of these cases does not affect the one in hand, it is but proper to say that they appear to be against the weight of authority. See Drake on At., §§ 207, 208, and authorities cited.

But the present is not the case of a judicial attachment, or of one sued out to give jurisdiction to the court in which the proceedings were had.

We know of but one case decided in a sister state in which it has been held necessary that the return to an auxiliary attachment like the present should show that the property levied on under it was the property of the defendant, viz., that of Tiffany v. Glover, 3 Iowa, 387. This decision was placed upon the ground that the right to take cognizance of the attachment proceedings was a special jurisdiction conferred upon the district court of that state, and hence everything necessary to show that the jurisdiction had been properly exercised must appear upon the face of the record.

This decision was followed in Meuley v. Zeigler, 23 Tex., 88, though that portion of the opinion which is pertinent to the present question was not necessary to the decision of the cause.

The case from Iowa above cited upon which the opinion in Meuley v. Zeigler rests has since been overruled in that state, and a doctrine contrary to it announced, and the writer to whom Judge Bell in his opinion refers as upholding the doctrine of the Iowa case states that the weight of authority is to the contrary. Drake on At., *ubi supra*.

The generally accepted doctrine now seems to be that the jurisdiction over attachment proceedings is part of the general jurisdiction conferred upon the courts in which they are cognizable; and the same

presumption in favor of that jurisdiction must be indulged as in other cases, and the same intendments in favor of the officer executing process. If the officer has been directed to seize property of the defendant, and he returns that he has seized certain property, it must be intended that it was the property of the defendant.

In the case of Meuley v. Zeigler, Judge Bell confined his decision to the very facts before him, and was unwilling to extend it to a case where a party claiming under the attachment had actual notice of the proceedings. If so, it would seem clear that the defendant himself could not object, having been brought into court by personal service of process, and therefore bound to take notice of all future proceedings in the cause.

In the case of City Nat. Bank v. Cupp, 59 Tex., 268, this court reviewed in some measure the decision in Meuley v. Zeigler, and held that it did not apply to a case between the original parties to the attachment upon motion to quash the writ.

The statute does not expressly require the officer to state in his return that the property seized belongs to the defendant.

The defendant is in court and has the right to object, if the return shows that it is not in accordance with the facts.

A sale under the attachment proceedings passes only such title as the defendant in attachment possesses, no matter what the return may state. All intendments, when the return does not affirmatively show to the contrary, must, under our Revised Statutes, be in favor of a correct discharge of his duty on the part of the officer. Hence we think that the ground of objection we are considering was not sufficient either to dissolve the attachment or set aside the return. See Stoddard v. McMahon, 35 Tex., 267.

As to the objection that the writ was not filed in court till after return day, it is sufficient to say that, in the case of City Nat. Bank v. Cupp, *supra*, this was held to be no cause for quashing the attachment.

For the error of the court in dissolving the attachment upon motion of the appellees, the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 17, 1885.]