TEXAS STATE FAIR AND DALLAS EXPOSITION v. O. T. LYON & SON.

No. 550.

1. **Judgment by Default—Service of Citation.**— In all cases to support a judgment by default it is necessary that it affirmatively appear that service of citation was properly made. In this case the petition was filed on February 26, 1892, and citation issued the same day. The return thereon showed that it came to hand on February 19, 1892, and was served on February 20, 1892. The sheriff and clerk being of equal dignity before the court, it is held, that in the conflict between their recitals there is nothing to affirmatively show proper service.

2. **Amendment of Return After Writ of Error.**—The effect of filing bond and petition for writ of error is to suspend further action in the District Court in so far as it might affect the right of plaintiff in error to have the case

acted upon by the appellate court as it stood when the petition and bond for writ of error were filed. The proceedings in the District Court regarding the amendment of the return, had after the petition and bond for writ of error had been filed, can not be considered.

ERROR from Dallas. Tried below before Hon. R. E. BURKE.

*Simkins, Morrow & Roberts,* for plaintiff in error.—The court erred in entering judgment by default in this cause, because the citation, as appears from the record, was not supported by any petition, and because of the defect of service of said citation. Thomason v. Bishop, 24 Texas, 302; 29 Texas, 154; Burke v. Thomson, 29 Texas, 162; Graves v. Robertson, 22 Texas, 130; 25 Texas Supp., 175, 446; 22 Texas, 398; 17 Texas, 647; 20 Texas, 130; Arnold v. Scott, 39 Texas, 379; 33 Texas, 294, 680; 1 W. & W. C. C., 322; Sloan v. Batte, 46 Texas, 215; Ins. Co. v. Milliken, 64 Texas, 46.

*S. C. McCormick,* for defendants in error.—1. The original return on the citation was sufficient to bring plaintiff in error before the court and to authorize and uphold the judgment against it. Stout v. Taul, 71 Texas, 438; Berends, Stork & Co. v. Kaiser, 66 Texas, 352; Freeman v. Brundage, 57 Texas, 253; Smith v. Chatham, 14 Texas, 322; Ins. Co. v. Milliken, 64 Texas, 46.

2. If the original return was insufficient, the amended return corrected all uncertainty therein by showing the precise day of service in February; and such amended return, when made in November, related back for its inception to the date of actual service in February, and supports and validates the judgment rendered in March. Rev. Stats., art. 1239; Cartwright v. Chabert, 3 Texas, 262; Fleming v. Parrell, 4 Texas, 225; Austin v. Cliff, 5 Texas, 133; Porter v. Miller, 7 Texas, 482; May v. Ferrill, 22 Texas, 340; Messer v. Lewis, 22 Texas, 125; Hill v. Cunningham, 25 Texas, 26; Burke v. Thomson, 29 Texas, 159; Thomas v. Brander, 33 Texas, 784; Flaniken v. Neal, 67 Texas, 633; 2 Freem. on Ex., secs. 333, 358, 360.

RAINEY, ASSOCIATE JUSTICE. — Lyon & Son brought suit against plaintiff in error for debt, and to foreclose a mechanic's lien on property described. The petition was filed on February 26, 1892. A citation was duly issued on that day. The sheriff's return, in substance, shows that it came to hand on February 19, 1892, and was served February 20, 1892. On March 18, 1892, plaintiff filed an amended petition, and same day judgment by default, with writ of inquiry, was awarded; and on March 21, 1892, said writ was executed and judgment final was rendered against plaintiff in error for the amount of the debt claimed, and a foreclosure of

the mechanic's lien. The case is brought to this court for revision by writ of error.

The vital issue in the case is, whether or not the return is sufficient to show the service of citation in such a manner as will support a judgment by default. Our Supreme Court has uniformly held, that a judgment rendered by default without proper service of citation is void, as the court acquires no jurisdiction of the person unless service of citation is duly had. Graves v. Robertson, 22 Texas, 130; Arnold v. Scott, 39 Texas, 378; Sloan v. Batte, 46 Texas, 215; Ins. Co. v. Milliken, 64 Texas, 46.

The return of the officer shows that the citation reached his hands and was served before the suit was instituted. It is true, the citation shows on its face that the petition was filed February 26, 1892, and that it was issued same day. There is an evident conflict between the recitals by the two officers, the clerk and the sheriff. Which are we to recognize as being correct? The law places them upon an equal plane within their respective spheres. It requires the clerk to show in the citation when the *petition was filed* and the date of the issuance of such citation. It requires the sheriff in his return to *state the time* and *manner* of service. Both officers being of equal dignity before this court, there is nothing to affirmatively show that service of citation was properly made upon plaintiff in error. As this is necessary in all cases to support a judgment rendered by default, we feel constrained to hold that the judgment herein is erroneous, and this cause must be reversed.

Defendant in error contends, that if there was error in the return of the citation, that the same was amended by order of the court below, by proper proceedings in November, 1892, which amendment shows that service of said citation was duly had in accordance with law before said judgment by default was rendered. The petition for writ of error was duly filed long before any proceedings were instituted to amend the return. The effect of filing said petition was to suspend further action of the District Court in said cause; at least, in so far as it might affect the right of plaintiff in error to have the case acted upon by the appellate court as it stood when the petition and bond for writ of error were filed. This being our view of the law, it follows that we can not consider the proceedings of the District Court in regard to its action in amending the return.

The plaintiff in error raises another question as to the power of the District Court to foreclose the lien on the amount of land claimed. As this question was not raised below, and the trial court not having passed upon it, we will not consider it here.

On account of the defective return of service as above indicated, this cause is reversed and remanded for a new trial.

*Reversed and remanded.*

Delivered November 17, 1893.