NELS KVAMME v. M. J. BARTHELL, Appellant.

**Courts:** CORRECTION OF RECORDS. The court has authority to correct its own records on notice to the adverse party and upon proper showing of the error.

**Contracts:** EXPLANATION BY PAROL. Where the language of a commission contract for the sale of land is ambiguous and uncertain as to the amount of the commission, and as to the land for the sale of which the commission is to be paid, oral evidence explaining the contract and rendering it specific in these particulars is competent.

**Same:** PLEADING: EVIDENCE. Where it appears in an action to recover the proceeds of a sale of land, in which plaintiff claimed the receipt by defendant of a certain amount which was denied and another sum pleaded by defendant as received by him, the defendant should be permitted to prove the amount he in fact received.

*Appeal from Allamakee District Court.*—HON. L. E. FELLOWS, Judge.

TUESDAY, DECEMBER 15, 1908.

REHEARING DENIED TUESDAY, NOVEMBER 16, 1909.

SUIT to recover money alleged to be due the plaintiff from the sale of his land by the defendant. From a verdict and judgment for the plaintiff, defendant appeals. The record was subsequently corrected on the motion of the plaintiff, and, from the order of correction, the defendant has taken a second appeal.—*Affirmed* on second appeal, and *reversed* on appeal in main case.

*Stilwell & Stilwell,* for appellant.

*Wm. S. Hart,* for appellee.

SHERWIN, J.—In 1905 the plaintiff filed his petition in the district court, stating: That on the 6th day of June, 1904, he was the owner of a tract of land in the state of Nebraska, and describing it. That on said day he and the defendant entered into a contract, as follows: "That, whereas, a second party has this day deeded to the said first party lots one and two, and the east half of section 7, township 33 north, range 22, west on the Sixth principal meridian; and whereas, the said first party is to sell said land at such terms as he can obtain: Now, therefore, I, the said first party, hereby agree to apply all of the net proceeds, after deducting expenses and commission, toward the payment of the obligations this day made by said second party to said first party." Barthell, the appellant, was named as the first party to the contract and the plaintiff as the second. The petition further alleged that the commission agreed upon between plaintiff and defendant for the sale of said premises was the sum of $50, and further that in July, 1904, the defendant sold the land for $1,600 and conveyed the same to one Elizabeth Howe. That he received and collected the purchase price of the premises and has neglected and refused to pay the plaintiff the same. Judgment was asked for the sum of $1,658.50, with interest, etc. In an amendment to the

petition it was alleged that the proceeds of the sale exceeded the amount of the plaintiff's obligations to the defendant.

The appellant's first answer denied that a definite commission of $50 was agreed upon, denied that the land was sold for the sum stated, denied that he received any money on the purchase price of said land or for the sale of the same, denied that he sold the land for any sum exceeding the amount of plaintiff's obligations to him after deducting the commission and expenses, and denied that he was indebted to the plaintiff in any sum. The appellant subsequently filed an amendment to his answer, in which he specifically denied many of the matters alleged in the petition and amendments thereto, and further denied that the plaintiff was the sole and exclusive owner of the land on the 6th day of June, 1904, and denied that the deed to him was made for the purpose of making him the agent of the plaintiff, for the sale of any more than the plaintiff's interest in the land. The appellant then pleaded that he was the owner of the undivided half interest in the land at all times until the same was sold, that the commission mentioned in the contract set out as a part of the petition was the undivided one-half interest of the defendant in the land "and the proceeds of the sale thereof," and that the defendant acquired said undivided one-half interest in part as his commission for the sale of land belonging to the plaintiff in Allamakee County, Iowa, describing it. The eighth paragraph of this amendment to the answer was as follows: "That on the 6th day of June, 1904, the date of the note referred to in plaintiff's petition, it was agreed by and between the plaintiff and defendant that the defendant should sell said described land and should have therefor his commission of fifty per cent represented by his undivided one-half interest in the land described in the plaintiff's petition, besides the expenses, including time." The plaintiff filed a motion assailing

the latter part of this amendment to the answer, and the motion was in part sustained; but, as we shall have occasion to again refer to the ruling on this motion, we do not further notice it in this connection. After the motion last referred to had been ruled upon, the defendant filed another amendment to his answer, the first paragraph of which was as follows: "That on the 6th day of June, 1904, the plaintiff authorized, empowered, and directed the defendant to sell the land described in plaintiff's petition at such terms as he could obtain, and agreed to pay the defendant a commission of fifty percent of the proceeds of the sale thereof for his services."

It was further alleged in this amendment: That the plaintiff orally directed the defendant to sell the land to one Elizabeth Howe, and to take in payment therefor other land on which there was a mortgage of $1,150 and interest; that, pursuant to said direction, the defendant did sell the land to said Howe; that thereafter the land received from Elizabeth Howe in exchange for the other land was sold by the defendant and netted $1,031; that, after deducting the expenses incurred by the defendant in this transaction, there was the net amount of $900; and that, after deducting defendant's commission of fifty percent on the net proceeds of the sale, there was left $450 credited on the plaintiff's notes. This amendment then pleaded substantially the matters that had been pleaded in the former amendment relating to the sale of the Allamakee County land, and then alleged "that it was understood that the commission of fifty percent agreed upon for the sale of the Nebraska land described in plaintiff's petition should cover any unpaid commission for the sale of the land" in Allamakee County. There was also attached to this amendment a copy of a paper purporting to be an agreement of the parties to this suit, whereby the appellant was appointed the agent of the plaintiff for the sale of the Allamakee County lands referred to, and in which

it was agreed that the defendant was to have fifty percent of the amount for which the Allamakee County land sold in excess of $2,600. Other amendments were filed to the pleadings which it is not necessary to more specifically notice.

As was said in the brief statement of the case preceding this opinion, there are two appeals herein, and, both having been submitted together, we shall first consider the second appeal, because its determination is material to the questions presented upon the appeal in the main case. After the appellant's substituted abstract and his brief and argument had been filed, the appellee made a motion in the district court to correct the record with reference to the ruling upon the motion therein assailing the first amendment to the defendant's answer. Due notice of the motion was served upon the appellant, and a full hearing was had, after which the court corrected its record so that the same might show the actual ruling upon the motion in question, and it is from this order that the second appeal is taken. As the record stood before this correction was made, it showed that the eighth paragraph of the defendant's first amendment to his answer had been stricken, when, as a matter of fact, such was not the case. We shall not follow the appellant's long argument in support of his second appeal. He was before the court in response to the appellee's notice and made no objection to the jurisdiction of the court or its method of procedure. That the court has ample authority to correct its own record upon proper notice and showing is fully sustained by the authorities. *Porter v. Butterfield,* 116 Iowa, 725; *Bank v. Ratcliffe,* 111 Iowa, 662. The case then, so far as the defendant's second appeal is concerned, must be affirmed.

The appellant devotes much of his argument on the main appeal to the alleged error of the court in striking the eighth paragraph of the amendment to his answer; but,

1. COURTS: correction of records.

as we have shown that this paragraph was not in fact stricken, this branch of the argument requires no further attention. The allegations in the second amendment relating to the Allamakee County land and the exhibit referred to were stricken upon the plaintiff's motion, and, upon the trial of the case, evidence offered by the defendant as to the sale of the Allamakee County land and as to the agreement for a commission of fifty percent of the amount received therefor over and above the plaintiff's sale price was excluded from the consideration of the jury, as was also the evidence offered as to the commission which was referred to in the written contract set out in the plaintiff's petition which we have already noticed.

The specific complaint made of the court's action is in striking out paragraphs eight, nine, ten and eleven, of the second amendment to the answer and the exhibit attached thereto, and of the ruling striking out certain evidence to which we have above referred. We think the trial court in error

2. CONTRACTS: explanation by parol.

regarding these matters, but in this connection we think it entirely proper to say that the condition of the defendant's pleadings was such as to easily mislead the trial court. The defendant himself seems to have been uncertain as to exactly where he stood and what his rights were, if the pleadings which he filed may be taken as an indication of his mental attitude. There was enough, however, in his pleadings to show that he was at least attempting to claim that, under the agreement for the sale of the Allamakee County land, he became the equitable owner of a half interest in the Nebraska land which the plaintiff does not deny was received as a part of the purchase price for the Allamakee County land in addition to the $2,600 which he had fixed as the sale price thereof. The agreement touching the sale of the Nebraska land referred to the subject of commission in a general way only. It does not say that the defendant was to receive a commission for the

sale of that land, though perhaps such an inference might possibly be drawn from the language of the instrument itself; but we are of the opinion that the language is not so definite and certain as to exclude oral evidence showing what it in reality meant, and it is a familiar rule of law —too familiar, in fact, to require the citation of authority in support thereof—that, where a writing is ambiguous or uncertain, parol evidence may be received in explanation thereof without violating the rule that the terms of a written contract may not be changed or varied by parol. As we have heretofore shown the contract provides only for applying the net proceeds derived from the Nebraska land "after deducting expenses and commission," and, it being silent as to what commission was to be received, it would have been competent, we think, to show that a specific amount was agreed upon as such commission. In fact, this was the view originally taken of the matter by the plaintiff in his pleadings, and, if it be true that such specific amount might have been shown by parol testimony, we see no reason for saying that it was not competent to show by parol that the commission earned in the sale of the Allamakee land was the commission referred to in the written contract under consideration.

On the face of the record, as it comes to us, it is very evident that for one reason and another the appellant has been deprived of a substantial right, and the court should not hunt for technicalities or indulge in fine spun reasoning which can only have the effect of sustaining the wrong which has apparently been done in this case. If, as a matter of fact, this Nebraska land belonged jointly to these two parties, because of their contract relative to the sale of Allamakee County land, the defendant should not be deprived of this property, unless he has so clearly placed himself in a false position before the court as to absolutely require it, and this we do not think he has done. It is true that his tes-

3. CONTRACTS: pleading: evidence.

timony is subject to severe criticism, and, indeed, it would be hard to justify it in any degree if we were satisfied that he fully understood the purport of it.

There was also error in not permitting the defendant to prove what he in fact received for the Nebraska land. The other sixty-eight errors assigned and argued are not likely to arise in a retrial of the case, and we need not give them further consideration. The record in this case is unduly voluminous. Thirteen separate printed books have been filed. The original files and a transcript of the testimony have also been certified to us. In addition to this mass of matter, diverse and sundry motions were filed and submitted with the case, and we shall now proceed to consider them very briefly. The appellant's motion in the main case to strike the appellee's denial and his amended abstract is overruled. The appellee's motion to strike the appellant's main brief and argument, because it does not comply with the rules of this court as to form, is also overruled; but it should be said, in this connection, that the reason why we overrule this last motion is because we do not consider the violation of the rule so flagrant as to require so severe a penalty. We do not wish to have the ruling understood as approving the brief. The motion to dismiss the second appeal and the motion to strike papers are both overruled. Unless we have overlooked some of these motions in the multiplicity of filings, we have noticed all of them.

For the reasons heretofore given, the case is reversed on the first appeal, and on the second appeal the order is affirmed. The defendant will pay the costs made on the second appeal.

*Affirmed* on the second appeal, and *reversed* on the appeal in the main case.