Martin J. McLane v. Kirby & Smith.

Decided February 20, 1909.

1.—Jurisdiction—Actions Against Nonresidents—Attachment—Return—Time of Levy.

Where, in a suit against a nonresident served by publication, a writ of attachment was sued out, and the officer's return was "came to hand December 13, 1906, and executed by levying on lot 10, block 848, in city and county of Dallas, State of Texas: levied at 5 o'clock and 35 minutes," and this was

amended by the officer under an order of court so as to state that the day on which the levy was made was December 13, 1906, a plea to the jurisdiction on the ground that the original return did not show the time of the levy and therefore was insufficient to confer jurisdiction over the person of defendant, and that it was error to allow its amendment, was properly overruled.

**2.—Same—Attachment—Return—Amendment.**

It seems that the return as originally endorsed on the writ was sufficient without the amendment, as it was fairly susceptible of the construction that the writ came to hand on December 13, 1906, and was executed by levying same on the land described on the same day. But it was within the discretion of the court, and a proper exercise of its discretion to permit the return to be amended so as to show specifically the day of the levy.

**3.—Same—Attachment—Presumption—Execution of Writ—Intendment.**

Jurisdiction over attachment proceedings is part of the general jurisdiction conferred on the courts in which they are cognizable, and the same presumption will be indulged in favor of that jurisdiction as in other cases, and the same intendments in favor of the officer executing the writ of attachment.

**4.—Same—Return—Levy.**

Where the auxiliary attachment sued out in a suit against a nonresident served by publication, directed the officer to seize property belonging to the defendant, and the return showed a levy upon certain property described, it must be intended that it was the property of the defendant; and a plea to the jurisdiction on the ground that the return did not show the property attached was levied on as the property of the defendant in attachment, was properly overruled.

**5.—Cases Followed and Case Disapproved.**

The case of Meuley v. Zeigler, 23 Texas, 88, holding in effect that the return of the officer endorsed on the writ of attachment should state that the property seized was levied on as the property of defendant, has not been followed by later decisions in this State. Willis & Bro. v. Mooring & Blanchard, 63 Texas, 340; Tobar v. Losano, 6 Texas Civ. App., 698.

**6.—Citation by Publication—File Number of Suit—Motion in Arrest of Judgment.**

A motion in arrest of judgment on the ground that the citation by publication was fatally defective in that it failed to state the file number of the suit, was not well taken, where the file number was not stated in the body of the citation, but was endorsed on it near the title of the case as appears on the face of the citation.

**7.—Same—Filing Statement of Evidence—Statute.**

The statutory requirement that a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record when service of process has been made by publication and no answer has been filed and the defendant is represented by an attorney appointed by the court, is peremptory, and a failure to file such statement may be taken advantage of on appeal or writ of error, and furnishes sufficient cause or ground for a reversal of the judgment. Revised Statutes, art. 1346.

**8.—Same—Writ of Error—Jurisdiction—Nunc pro Tunc Order.**

When service is by publication and the court appoints an attorney to represent the defendant in the absence of an answer, the trial court loses its jurisdiction on the filing of a writ of error bond, and is without authority thereafter to make a nunc pro tunc order directing the filing of a statement of the evidence in the case, and such statement and the filing thereof pursuant to such order is not a compliance with the statute.

Error from the County Court of Dallas County at Law.    Tried below before Hon. W. M. Holland.

*John M. Spellman* and *Terrell & Richardson,* for plaintiff in error.—The court erred in overruling defendant's plea to the jurisdiction in this cause. In order to give the court jurisdiction to render a personal judgment against a nonresident defendant, citation must not only be regularly published, but property of the defendant must be brought within the jurisdiction of the court; and when an attachment has issued against the property of a nonresident defendant, in order to obtain jurisdiction and to compel his appearance, either actual or constructive, in court, the doctrine of presumption should not be applied, and the law authorizing such extraordinary proceedings and every act of the officers in executing the same should be most strictly construed and closely scrutinized. The return as originally indorsed on the writ of attachment in this cause and before the same was amended, failed to state the time of the levy of the writ of attachment, and the said return did not show, even after amendment, that the said property was levied on as the property of the defendant. Revised Statutes, arts. 201, 202, 2348; Meuley v. Zeigler, 23 Texas, 88; Hancock v. Henderson, 45 Texas, 484; Milburn v. Smith, 11 Texas Civ. App., 678; 4 Cyc., 611.

The court erred in permitting the sheriff to amend his return on the writ of attachment in this cause by inserting the date when the writ was executed. It is not permissible to amend the return of an officer on a writ of attachment in a material particular when the obtaining of jurisdiction depends upon such return and a strict compliance with the law, and especially where the rights of innocent purchasers for value intervene. The court erred in overruling defendant's motion in arrest of judgment. A citation by publication must contain all of the elements required by the statute, among which are the file number of the case. If it fails to do so, the court is without jurisdiction and the judgment should be arrested. Revised Statutes, arts. 1214, 1235 and 1447; 2 Texas C. A. (Civil Cases), pp. 113, 630; 79 Texas, 224.

The court erred in rendering judgment in said cause without a statement of the evidence adduced in said cause having been filed. It is essential to the validity of a judgment against a nonresident defendant, where service was by publication, that a statement of the evidence adduced on said trial should be filed. Revised Statutes, arts. 1402 and 1346; 69 S. W., 212; 88 S. W., 873.

*Hexter & Kramer,* for defendants in error.—Art. 1346, of the Revised Statutes, provides that where service and process have been made by publication and no answer has been filed within the time prescribed by law, the court shall appoint an attorney to defend the suit, and judgment shall be rendered as in other cases; but in every such case a statement of the evidence approved and signed by the judge shall be filed with the papers in the case as a part of the record thereof. A statement of the evidence was presented to and approved by the court and was filed as of date January 28, 1908.

The law not providing any particular time at which such statement of the evidence should be filed, it is sufficient if such statement be filed in time to subserve the purposes of the statute.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by Kirby & Smith against Martin J. McLane, on December 13, 1906, to recover the sum of $375, alleged to be due them as commissions for effecting a sale, as real estate agents, of a certain parcel of land situated in the city of Dallas, known as lot No. 10, in block No. 848-2 and owned by said defendant McLane, to Edward Titche and Sam Dysterbach. At the time of the institution of the suit a writ of attachment was sued out and levied upon said lot as the property of the defendant. The defendant was a nonresident, and citation was issued and served by publication. He did not appear in person and a local attorney was appointed by the court to represent him. The original return of the officer levying the writ of attachment was as follows: "Came to hand December 13, 1906, and executed by levying on lot 10, block 848-2, in city and county of Dallas, State of Texas. Levied at 5 o'clock and 35 minutes." On January 28, 1908, this return was amended by the sheriff under an order of the court so as to show that the day on which the levy was made was "December 13, 1906." On the 29th day of May, 1907, the said Titche and Dysterbach intervened in the suit, claiming that they had bought the lot on which the attachment was levied, on December 14, 1906, for value and without notice of the plaintiff's claim or the levy of said attachment, and attacked the validity of the debt sued on. The cause was called for trial January 28, 1908, and the attorney appointed by the court to represent the defendant interposed a plea to the jurisdiction of the court, which was overruled and defendant excepted. A jury trial followed, which resulted in a judgment for plaintiffs, and the defendant brings the case to this court by writ of error.

The first assignment of error complains of the trial judge's action in overruling the defendant's plea to the jurisdiction of the court. The contention is, in effect, that the return of the officer who executed the writ of attachment as endorsed thereon, before amended, failed to state the time of the levy of said writ, and did not show even after amendment that the property was levied on as the property of the defendant; that the court erred in allowing the return to be amended, showing the date of the levy, and as originally made was insufficient to confer jurisdiction over the person of the defendant and authorize the judgment rendered. We are of the opinion there is no merit in this contention. In the first place, it would seem that the officer's return, as originally endorsed on the writ of attachment, was sufficient without the amendment permitted by the court, for that it was fairly susceptible of the construction, if not the only construction, that the writ came to hand on December 13, 1906, and was executed by levying the same on the land described in said return on the same day. But that it was within the discretion of the court, and a proper exercise of its discretion, to permit the return to be amended so as to show specifically the day on which it was levied, is well settled. (Messner v. Lewis, 20 Texas, 225; Hill v. Cunningham, 25 Texas, 26; Drake on Attachments, secs. 212, 213, 214 and 215.) The interveners were in no position to complain of the action of the court. It is not denied that the levy was actually

made as shown by the return, and the validity and justness of plaintiff's debt, the only thing they could question by their intervention, was established by the verdict of the jury. In the case of Barkley v. Wood, 41 S. W., 717, it is said: "The evidence showed a just and bona fide indebtedness due from Wood to Barkley in the amount claimed in the affidavit, and this being established and the validity of the debt being the only issue that can be raised by an intervener in such a case, the plaintiff should have had judgment against Boaz preserving his attachment lien on the land." Besides, interveners have not joined in the prosecution of this writ of error, and error, if any, on the part of the trial court affecting their claim or interest can not be urged in this court by the plaintiff in error, McLane.

Nor was the officer's return on the writ of attachment materially defective in that it failed to state that the property attached was levied on as the property of the defendant in attachment. The writ sued out in this case was an auxiliary attachment. It directed the officer to seize property belonging to the defendant, and the return showing a levy upon certain property described, "it must be intended that it was the property of the defendant." The case of Meuley v. Zeigler, 23 Texas, 88, holding in effect that the return of the officer endorsed on the writ of attachment should state that the property seized was levied on as the property of the defendant, has not been followed by later decisions in this State. (Willis & Bro. v. Mooring & Blanchard, 63 Texas, 340; Tobar v. Losano, 6 Texas Civ. App., 698.) In a good many jurisdictions the rule announced in Meuley v. Zeigler, *supra,* prevails (4 Cyc., 611), but the views expressed in the later decisions of our courts, cited above, are in accord with our own views upon the subject. As held in the case of Willis & Bro. v. Mooring & Blanchard, *supra,* "Jurisdiction over attachment proceedings is part of the general jurisdiction conferred on the courts in which they are cognizable, and the same presumption will be indulged in favor of that jurisdiction as in other cases, and the same intendments in favor of the officer executing the writ of attachment." It follows that the court did not err in overruling the defendant's plea to the jurisdiction.

We are also of the opinion that the trial court did not err in overruling the defendant's motion in arrest of judgment based on the contention that the citation by publication was fatally defective in that it failed to state the file number of the suit. It seems that the citation contained all the requisites prescribed by article 1237 of the statute authorizing its issuance and service in such cases. However, we think the citation in question did sufficiently show the file number of the suit in which it was issued. It was not stated in the body of the citation, but was endorsed on it near the title of the case as appears on the face of the citation. This was sufficient. (Collins v. Hines, 100 Texas, 304; s. c., 100 S. W., 360.)

The fourth assignment complains that the trial court erred in rendering judgment without requiring a statement of the evidence introduced on the trial to be made and filed during the term of the court at which the case was tried, or at least before the writ of

error was perfected. We think this assignment is well taken. Article 1346, Revised Statutes, 1895, provides, that "When service of process has been made by publication and no answer has been filed within the time prescribed by law, the court shall appoint an attorney to defend the suit, and judgment shall be rendered as in other cases; but in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as part of the record thereof." The requirement of this statute in the appointment of an attorney to defend the suit was complied with, but a statement of the evidence adduced on the trial was not approved by the judge and filed until after the expiration of the term of the court at which the trial was had, and not until the writ of error sued out had been perfected. The record discloses that the writ of error bond was filed and approved April 3, 1908, and thereafter, on April 18, 1908, a motion was made by the plaintiff in the trial court to have a statement of the evidence filed as of date January 28, 1908, which was granted. Upon the filing of the writ of error bond the County Court at Law lost its jurisdiction and was without authority to make the *nunc pro tunc* order directing the filing of the statement of the evidence in the case, and such statement and the filing thereof can not be considered as a compliance with the statute. (Texas State Fair & Dallas Exposition v. Lyon, 5 Texas Civ. App., 382.) In that case this court held that the filing of a petition for writ of error suspends all further action in the trial court, at least insofar as it might affect the right of the plaintiff in error to have the cause acted on by the Appellate Court as it stood when the petition and bond for the writ of error were filed, and therefore the action of the District Court thereafter taken, amending the sheriff's return to show proper service of citation, could not be considered. The principle is clearly applicable here, and, being applied, leaves the present case before us as though no statement of the evidence adduced in the lower court had been approved and filed in that court at all. What then was the effect of the failure to file such statement? It did not, we think, render the judgment void so as to subject it to attack in a collateral proceeding; but being an essential matter of procedure such failure may be taken advantage of on appeal or writ of error, and furnishes sufficient cause or ground for a reversal of the case. (Thomas v. Jones, 41 Texas, 265; Byrnes v. Sampson, 74 Texas, 79; Buse v. Bartlett, 1 Texas Civ. App., 335; Crosby v. Bonnowsky, 29 Texas Civ. App., 455; Garvey v. State, 88 S. W., 873.) In the first case cited above, which was carried up on writ of error, it was assigned as error that no statement of the facts proven on the trial of the case was made out and incorporated with the record as required by the statute then in force, and the Supreme Court in passing upon the question said: "As has been frequently held by the court, the statute is peremptory, and an omission to comply with its requirements will be fatal on error." That the appointment of an attorney to defend the suit for the nonresident defendant did not dispense with the necessity or requirement to file a statement of the evidence on which the judg-

ment was founded, is affirmed by the case of Byrnes v. Sampson, *supra*.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*