### EPLEY et al. v. O'DONNELL.

(Court of Civil Appeals of Texas. Austin. Nov. 27, 1912. On Motion for Rehearing, Jan. 15, 1913.)

1. APPEAL AND ERROR (§ 1172*)—REVERSAL—GROUNDS.

Under Court of Civil Appeals rule 62a (149 S. W. x), providing that the reviewing court shall, if possible, correct an erroneous judgment, it is not ground for reversal that a judgment decrees costs against nonresident defendants served only by publication, but such judgment may be annulled in its erroneous part and in other respects affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

#### On Motion for Rehearing.

2. APPEAL AND ERROR (§ 563*)—STATEMENT OF FACTS—STATEMENT OF EVIDENCE.

An approved statement of facts setting out the evidence and filed with the papers was a sufficient "statement of the evidence" with R. S. 1895, art. 1346, requiring that a statement of the evidence, approved and signed by the judge, be filed with the papers of the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2500; Dec. Dig. § 563.*]

3. APPEAL AND ERROR (§ 564*)—STATEMENT OF EVIDENCE—TIME OF FILING.

The statute authorizing the filing, without an order, of statements of fact after adjournment of court, applies to statements of evidence required to be filed under R. S. 1895, art. 1346, and hence a statement of the evidence not filed until two days after filing of the petition and bond for writ of error was not filed too late.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555, 2558, 2559; Dec. Dig. § 564.*].

4. ADVERSE POSSESSION (§ 117*) — SPECIAL VERDICT—SUFFICIENCY.

A special verdict in a suit to establish a boundary line was not invalid for failure to find on one defendant's plea of limitations, where it gave such defendant a limited time to remove a fence; it being apparent therefrom

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

that the jury considered and found against such plea.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 117.*]

Error to District Court, Burnet County; Clarence Martin, Judge.

Action by James O'Donnell against Mrs. E. J. Epley and others. Judgment for plaintiff, and defendants bring error. Reformed, affirmed, and motion for rehearing overruled.

J. G. Cook, of Sinton, for plaintiffs in error. Gillespie & Altman, of Ft. Worth, and Dayton Moses, of Burnet, for defendant in error.

JENKINS, J. James O'Donnell brought suit against Mrs. E. J. Epley and others in the form of trespass to try title, but this was in fact a suit to establish a boundary line. Defendants Ollie Joy, John Joy, Joy Wallace, and Bonnie Wallace were nonresidents, and were cited by publication. The jury returned a verdict in favor of the plaintiff, except as to J. R. Wallace, in whose favor they found on his plea of limitation as to a particular portion of the land in controversy; he having disclaimed as to the remainder of the land. The court rendered judgment in accordance with said verdict and against all of the other defendants for costs.

[1] Plaintiffs in error ask that this judgment be reversed, for the reason that the court had no power to render a personal judgment against the nonresidents for costs. The judgment against the nonresidents for costs is a nullity, and plaintiffs in error insist for this reason that it should be reversed and remanded.

Under rule 62a for the government of courts of Civil Appeals (149 S. W. x), this affords no ground for reversal; but so much of said judgment as decrees costs against the nonresident defendants is here vacated and annulled, and the judgment of the trial court is in all other respects affirmed.

Reformed and affirmed.

## On Motion for Rehearing.

[2] Plaintiffs in error in their motion for a rehearing insist that we erred in not sustaining their second assignment of error which is, in substance, that the judgment herein should be reversed, for the reason that no "statement of the evidence approved and signed by the judge" was filed with the papers of this cause, as required by article 1346, Rev. St. 1895. A statement of facts, approved by the judge, wherein is set out the evidence adduced on the trial of this cause, was filed with the papers herein, and we hold that such statement of facts is a "statement of the evidence" as required by said article.

[3] But the contention of plaintiffs in error is, as this statement was not filed until January 29, 1912, and as the petition and bond for writ of error were filed on the 27th of said month, the district court had lost jurisdiction of this cause, and consequently said statement was filed too late. Statements of facts for the purpose of appeal were at the time of the adoption of this article required to be filed before the adjournment of court; and it was held prior to the passage of the act giving parties the right to file statements of fact after the adjournment of court without any order of the court to that effect that a statement filed after such adjournment, and after writ of error had been sued out, came too late. McLane v. Kirby, 54 Tex. Civ. App. 116, 116 S. W. 118. As the law then was, such statement could not have been legally filed subsequent to the adjournment of the court without an order of the court to that effect, and the court had no jurisdiction to make such order after the adjournment of the term, regardless of whether or not a writ of error had been sued out when such order was made. It might with equal propriety be said that the trial court has lost jurisdiction of the case when an appeal has been perfected; and yet the present statute gives the appellant 30 days after the adjournment of court in which to file a statement of facts, and this time may be extended by the court, though the appeal may have been previously perfected. This is a remedial statute, and should be liberally construed, and we hold that it should include the statement of the evidence required to be filed under said article 1346.

[4] Appellants also insist that we erred in overruling their third assignment of error, which is to the effect that there was no legal verdict, for the reason that the jury did not make any finding as to a material issue in the case, viz.: The statute of limitations pleaded by the defendants Mrs. Epley et al. This was a suit to fix the boundary between two surveys. J. R. Wallace, one of the defendants, pleaded the statute of 10 years limitation as to a particular part of the land in controversy, and Mrs. Epley and the other defendants pleaded said statute as to the remainder of said land, particularly describing the same in their answer. The court instructed the jury that, if they found for the defendants on the issue of boundary, they need not consider any other issue; but, if they found for the plaintiffs on said issue, to find as to the pleas of limitation. We quote from said charge as follows: "If you should find that east boundary line of the W. D. Engles survey is located on the ground as alleged and described in plaintiffs' petition, but you further find that defendants have had peaceable, adverse possession of that portion of said Engles survey described in their respective amended original answers filed herein, cultivating, using, and enjoying the same for more than 10 years next before the filing of this suit, to wit, the 26th day of

December, 1910, by having the same inclosed under a fence, and you further find that such possession, if any, was actual, continued, visible, notorious, and hostile to plaintiff and those under whom he claims, then, if you so find, you will return a verdict for the defendants on their pleas of limitations for that portion of said land described in their respective amended original answers, and so state in your verdict." A subsequent portion of the charge defined adverse and peaceable possession. The jury returned the following verdict: "We, the jury, find the true location of the east boundary line of the W. D. Engles survey to be the line run by Prof. Matley by order of the court, and find a verdict in favor of plaintiff. We find in favor of J. R. Wallace on his plea of limitation for the land actually inclosed by his fence. We find the fence built by the defendants, Mrs. Epley et al., to be her fence, and give her a reasonable length of time to remove same, not to exceed 60 days." It will be seen from the charge above set out that the court did not instruct the jury to make any specific finding as to the defendants' pleas of limitation, unless they found in favor of same. They did find in favor of defendant Wallace's plea of limitation, and so stated in their verdict. A general verdict for the plaintiff would have been sufficient to sustain a judgment in his favor, unless the case had been submitted on special issues. It is evident that the jury considered the plea of limitation of Mrs. Epley et al. from the fact that they state in their verdict that the fence by virtue of which they claimed limitation was the property of Mrs. Epley, and gave her 60 days in which to remove the same. If her plea of limitation had been sustained, not only the fence, but the land which it inclosed, would have belonged to her; and it is not to be presumed that the jury meant to say that she should move her fence off of her own land.

For the reasons herein stated, the motion for a rehearing is overruled.

Motion overruled.