## HOME BEN. ASS'N et al. v. SIMS.

### No. 1157.

Court of Civil Appeals of Texas. Waco.
March 17, 1932.

Rehearing Denied April 21, 1932.

See also (Tex. Civ. App.) 39 S.W.(2d) 1099.

Oltorf & Oltorf, of Marlin, for plaintiffs in error.

A. C. Scurlock, of Dallas, for defendant in error.

BARCUS, J.

This suit was instituted by defendant in error against the Home Benefit Association, an unincorporated association, and J. W.

Torbett and Michael S. Hunt, to recover on a life insurance policy issued to her deceased husband and payable to her. Judgment by default was rendered against each of the named defendants in the trial court for the face value of said policy, from which they have perfected their appeal.

Plaintiffs in error ask that the judgment be reversed because the record fails to show proper service of citation. The citation was issued by the district clerk of Hill county and directed to the sheriff of Falls county, with instructions for him to serve the named defendants by delivering to each of them a copy of the citation, together with a copy of plaintiff's amended petition. The sheriff of Falls county made the following return: "Came to hand the 21st day of October, A. D. 1930, at 8 o'clock A. M., and executed the 21st day of October, 1930 by delivering to Mike Hunt for Home Benefit Association and individually and to J. W. Torbett, the within named defendants, in person, a true copy of this writ, together with a certified copy of plaintiff's original petition."

■ Returns made by officers on citation in almost the identical language with the one at bar, have been by our courts many times held insufficient to support a judgment by default. Russell v. Butler (Tex. Civ. App.) 71 S. W. 395; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787; Mahan v. McManus (Tex. Civ. App.) 102 S. W. 789; Kellam v. Trail (Tex. Civ. App.) 185 S. W. 988; Martin v. Hawkins (Tex. Civ. App.) 238 S. W. 991 (error ref.).

On May 2, 1931 plaintiffs in error filed in the trial court their petition and bond for writ of error and served defendant in error with notice thereof. On July 16, 1931 the record was filed in this court. On July 23, 1931 the trial court, without plaintiffs in error having any notice thereof, permitted the sheriff to amend his return on the citation so that it shows that he served each of the named defendants in person by delivering to each of them a true copy of the citation and delivered to the Home Benefit Association a certified copy of plaintiffs' first amended original petition. The amended return does not show that either Torbett or Hunt were delivered a certified copy of plaintiffs' first amended original petition.

Defendant in error has filed a motion for certiorari and attached thereto a certified copy of the court's order authorizing same and the sheriff's amended return on said citation, and asks that it be made a part of the transcript in this case. In order that we may have said amended citation before us, we have granted said motion for certiorari.

■ Our courts have definitely held that after an appeal has been taken and the record filed in the appellate court, the district court cannot thereafter, without any notice to the defendants in the trial court, authorize a sheriff to correct his return on the citation on which the default judgment was entered and thereby deprive the parties from relying on the defective sheriff's return for a reversal in the appellate court. Thomason v. Bishop, 24 Tex. 302; Thomas v. Goodman, 25 Tex. Supp. 446; Texas State Fair & Dallas Exposition v. Lyon, 5 Tex. Civ. App. 382, 24 S. W. 328; McLane v. Kirby & Smith, 54 Tex. Civ. App. 113, 116 S. W. 118; Malone v. Samuel, 3 A. K. Marsh (Ky.) 350, 13 Am. Dec. 172; Kvamme v. Barthell, 144 Iowa, 418, 118 N. W. 766, 31 L. R. A. (N. S.) 207. Since it appears that the sheriff corrected his return after the petition for writ of error and bond was filed in this case and after the record had been filed in this court and without any notice to plaintiffs in error, said amended return does not affect the right of plaintiffs in error to have said cause reversed by this court because of the defective return of the sheriff on the original citation.

■ Since it appears from the certified copy of the sheriff's corrected return that the plaintiffs in error Torbett and Hunt, who were citizens of Falls county, were not served with a copy of the defendant in error's first amended pleading, said corrected return is not sufficient to support a judgment against them by default.

The judgment of the trial court is reversed and the cause remanded.