## WHITNEY v. NOLAN COUNTY et al.
### No. 986.

Court of Civil Appeals of Texas. Eastland.
June 24, 1932.

Rehearing Denied Sept. 30, 1932.

H. R. Bondies, of Sweetwater, for plaintiff in error.

Gus Farrar, of Austin, for defendants in error.

FUNDERBURK, J.

This case comes up by writ of error to have us review a judgment of the trial court awarding recovery in favor of the plaintiff Nolan county upon a promissory note in the principal sum of $17,714 against A. M. Sullivan and the foreclosure of a vendor's lien securing said note as against the said Sullivan and A. G. Lynch and E. W. Whitney. Neither Sullivan nor Lynch has appealed, and hence the judgment as to them is not sought to be reviewed. E. W. Whitney as plaintiff in error challenges the judgment below in so far as it decrees a foreclosure against him of the vendor's lien. He was a nonresident of the state. In this court his contention is to the effect that the return designed and necessary to show legal service of the required notice to him as a nonresident was insufficient in three respects, as follows: (1) It showed the date of such service to be an impossible date; (2) it was not shown to be signed by the party making such service; and (3) it was not shown to have been sworn to by the party making it. The return in question was as follows:

"The State of Oklahoma, County of Seminole.

"Personally appeared before me, the undersigned authority, S. A. Doyle, who being by me duly sworn deposes and says that on the 5th day of March, A. D. 1931 at 10:30 A. M. in the city of Wewoka, County of Seminole, State of Oklahoma, he delivered to E. W. Whitney, in person, the defendant in person, a true copy of this notice, with a certified copy of the plaintiff's petition accompanying same; and further that he is an adult male, and is in no manner interested in this suit.

"Sworn to and subscribed before me, this 3rd day of March, 1931. C. F. Aldridge, Sheriff, By S. A. Doyle, Deputy Sheriff. Ellis Cooper, County Clerk.

"[Seal.] Showing imprint of County Clerk, Seminole County, Oklahoma."

We are of opinion that the affidavit shows with the requisite degree of certainty that proper notice was served upon said E. W. Whitney by S. A. Doyle on March 5, 1931, and that said S. A. Doyle made and signed the affidavit showing such service. It is therefore, in our opinion, sufficient to show valid service. The affidavit plainly states that the date of service was March 5, 1931. This was required to be stated, and a failure to so state, or the statement of an impossible date, would have been fatal. Texas State Fair & Dallas Exposition v. Lyon, 5 Tex. Civ. App. 382, 24 S. W. 328. It is insisted that the dating of the affidavit as of March 3, 1931, shows that March 5, 1931, was an impossible date of the service. It may be conceded that, if the law required the date of the making of the affidavit to be stated, as it did require the date of service to be stated, the return would be void. Such invalidity, however, would not have been because the date of service was an impossible date, but because the date of the affidavit was an impossible date. The law, however, does not require the affidavit to state the date it is made. 2 Tex. Jur. 358;

Order of Aztecs v. Noble (Tex. Civ. App.) 174 S. W. 623. The statement of the date as March 3, 1931, may therefore be regarded as immaterial error. It cannot, we think, be made to destroy the full force and effect of Doyle's affirmation that he served the notice on March 5th.

██ The words, "C. F. Aldridge, Sheriff, By," preceding the signature of "S. A. Doyle," should be treated as surplusage. It in no manner contradicts or renders uncertain the fact that Doyle was the signer, and the one making oath to the instrument subscribed. The signature of Doyle should, according to good form, have preceded the jurat. It does not affect the validity of the affidavit that it comes after the jurat. 2 Tex. Jur. p. 255; Kohn v. Washer & August, 69 Tex. 67, 6 S. W. 551, 5 Am. St. Rep. 28.

Being of opinion that the proof of service was sufficient to support the judgment, and that the judgment should therefore be affirmed, it is accordingly so ordered.