F. A. THOMASON v. WAYNE S. BISHOP.

The return of the citation, on which a judgment, by default, has been taken, cannot at a subsequent time of the court be amended, on a mere motion, although notice thereof be served upon an attorney, who has filed, for the defendant, a petition for a writ of error.

The plaintiff should have filed a petition, setting forth the facts, and asking the court to set aside the judgment erroneously entered, and then, have had the defendant served as in an original suit, when the latter might have pleaded any defence he might have to the action.

Until the return of the citation showed that the defendant was properly served, he was not bound to appear for any purpose.

Though the statute may give the court the power to permit an amendment of the return, after the term at which judgment is rendered, it should be so exercised, as not to deprive the defendant of the right to plead any matter of defence, after it was made to appear, that the process had been served.

A return to a citation, that it was *executed by serving* the defendant with a copy of the writ, and a certified copy of the petition, is defective.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor.

This was a suit by the defendant in error against the plaintiff in error, on a promissory note. The sheriff's return upon the citation to the defendant, was as follows, to wit:

"Executed March 9th, 1858, by serving the defendant with a true copy of this writ, and a certified copy of plaintiff's petition."

There was a judgment by default, in favor of the plaintiff, for $671.65. The other facts are stated in the opinion.

*John Sayles*, for the plaintiff in error.

ROBERTS, J.—The question in this case is, whether or not, after the term of the court, at which a judgment is rendered, the sheriff can amend a defective return of service of the citation, on which a judgment by default has been taken, upon a mere motion made by the plaintiff below, with notice thereof served upon

the attorney of the defendant below, who had filed a petition for a writ of error.

We think such amendment does not cure the defect of the judgment. The plaintiff below, should have filed his petition, setting forth the facts, and asked the court to set aside the judgment thus erroneously entered in his favor, and have served the defendant with process, as in an original suit. The defendant below, being then in court, and the judgment having been set aside, could have had full opportunity to plead, either in abatement, or in bar, any defence which he may have had to the action. (Richardson v. Ellett, 10 Texas Rep. 191.) Until the return of the sheriff upon the citation, showed that the defendant below had been properly cited, he was not bound to appear for any purpose. If the amendment be allowed after the term, as in this case, the defendant is cut off from his right of pleading that he has, in fact, not been properly cited, or any other defence.

It is true, the statute says that " any mistake or informality in a return, may be corrected by the officer, at any time, under the direction of the court." (O. & W. Dig. 115.) This may grant the power to permit an amendment of the return, after the term, at which the judgment was rendered, as well as before. Still the power should be exercised in such manner, as not to deprive the defendant below, of the substantial right of pleading any matter of defence, after it was made to appear to the court, by the amendment of the return, that the process had been served. (3 Bl. Com. 410.)

We think, therefore, that this case must be regarded, as if there had been no amendment of the return, by the sheriff. The return is bad, under the decisions of this court repeatedly made, and for that reason the judgment will be reversed and the cause remanded.

                                   Reversed and remanded.