**WATSON et al. v. GLENN.**

No. 8067.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

J. B. Dibrell, Jr., of Coleman, for plaintiffs in error.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for defendant in error.

BAUGH, Justice.

The Temple Trust Company sued Mary Alice Watson and Ethlea Watson, minors, residing in the state of Florida, to establish the amount of indebtedness due on certain notes executed by John E. and Mrs. M. A. Watson, parents of said minors, on January 5, 1925, and to foreclose a deed of trust lien on lands in Coleman county, Tex., given by said parents to secure the payment of said notes. After suit was filed, H. C. Glenn, who had been appointed receiver of Temple Trust Company, was substituted as plaintiff.

Plaintiff alleged, among other things, that both makers of said notes and trust deed had died intestate in Coleman county, John E. Watson in March, 1927, and Mrs. M. A. Watson in July, 1928; that said minors were the children and heirs of John E. and Mrs. M. A. Watson; that no administration had been had upon their estates and that none was necessary; that said parties at the times of their respective deaths owed the indebtedness herein sued upon and none other. Notice to serve the nonresident minors was duly issued out of the Bell county district court, and service on the minors executed and returned by the sheriff of Pasco county, Fla., in January, 1933.

On June 8, 1933, the trial court, pursuant to article 2159, R. S. 1925, appointed a guardian ad litem for said minors. The guardian ad litem filed his answer on the same day, consisting of a general demurrer and general denial admitting the truth of the allegations of plaintiff's petition as to the death of John E. and Mrs. M. A. Watson; that the minors sued were the only children and heirs of said parties; and that the property sought to be foreclosed upon was the community estate of the deceased. The case was heard and judgment rendered for the plaintiff as prayed for on the same day, i. e., June 8, 1933. No evidence is shown to have been introduced by plaintiff except the instruments sued upon. Obviously, the answer of the guardian ad litem as to all other facts essential to sustain the judgment was relied upon, that is, admission as true the other material facts necessary to entitle plaintiff to the judgment rendered.

Three contentions are here made as constituting error. First, that the return showing service on said minors was not sufficient to sustain either the appointment of a guardian ad litem, or to authorize a judgment against said minors; second, that said minors were entitled to be served with additional notice showing the substitution of

Glenn as plaintiff; and, third, that the admissions of the guardian ad litem in his answer as to facts essential to be proven by plaintiff was not authorized nor binding upon said minors. We shall consider these contentions in inverse order.

Said minors were nonresidents. The lands were located in, and both parents died in, Coleman county, Tex., while the suit was tried in Bell county. Whether or not the deceased parents owned other property, owed other debts, or had any defenses to plaintiff's suit, was not shown, nor whether administration upon their estates was necessary. Minors being persons non sui juris cannot themselves waive any rights and it has been uniformly held that a guardian ad litem cannot do so for them, either by pleadings or otherwise. As stated in Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 690, 692: "The guardian ad litem should make no admissions against the interest of the defendant, but should require that proper legal proof be made of the facts entitling the plaintiff to the relief which he seeks." See cases there cited. The same rule was approved by the Supreme Court in Wright v. Jones, 52 S.W.(2d) 247, 251, citing numerous cases. In Spotts v. Spotts, 331 Mo. 917, 55 S.W.(2d) 977, 983, 87 A. L. R. 660, the Supreme Court of Missouri said: "The duty of the guardian ad litem * * * is to defend the suit and he cannot admit anything or waive anything which goes to sustain the adverse party's claim." See, also, 31 C. J. 143.

Under the circumstances, therefore, we think the admissions made by the guardian ad litem in his answer in the instant case cannot be binding upon said minors, and without them the plaintiff did not make sufficient proof, under his allegations, to sustain the judgment rendered.

The contention, however, that additional notices to said minors were necessary showing the substitution of H. C. Glenn, receiver of the Temple Trust Company, as plaintiff, is not sustained. This substitution was not in any sense a change in identity of the real party plaintiff, nor did it constitute the intervention of a new party plaintiff, nor otherwise affect in any manner, so far as defendants were concerned, the cause of action originally asserted, nor the relief sought against the defendants. It was not therefore necessary to issue and serve upon said defendants further notice. Paxton v. First State Bank (Tex. Civ. App.) 42 S.W.(2d) 837.

Since we have concluded that the cause must be reversed for the reasons above indicated, the first contention made by plaintiffs in error becomes immaterial. It is not contended by defendant in error that the officer's return on the notices served upon said minors was sufficient. It failed to show that each of said minors had been served with a certified copy of plaintiff's petition. After this writ of error was perfected, however, and the instant case filed in this court, the defendant in error, plaintiff below, upon motion granted by the trial court, was authorized to withdraw said serving officer's return and forward same to him in Florida for amendment to show the real facts. The original return was by said officer corrected, showing that he had in fact served each of said minors with certified copies of plaintiff's petition, as required by law, and his return was amended accordingly. This amended return was then filed in the trial court, but subsequent to the rendition of the trial court's judgment and subsequent to the perfection of this appeal, and has been brought to this court by certiorari heretofore granted.

Correction of such process is a matter within the discretion of the trial court and clearly within his power to permit. Kavanaugh v. Brown, 1 Tex. 481; Irvin v. Bevil, 80 Tex. 332, 339, 16 S. W. 21; 33 Tex. Jur. 907; article 2044, R. S. 1925. Since the cause must be reversed and remanded for another trial, and since the amended process as made after the former judgment herein, is now sufficient for that purpose on another trial hereof, it is unnecessary for us to pass upon its sufficiency here to sustain the former judgment.

For the reasons stated, the judgment of the trial court must be reversed and the cause remanded for another trial.

Reversed and remanded.