### MIDWEST PIPING & SUPPLY CO., Inc., v. PAGE.

#### No. 3451.

Court of Civil Appeals of Texas. Beaumont.

April 28, 1939.

Rehearing Denied May 10, 1939.

C. A. Lord, of Beaumont, for plaintiff in error.

David E. O'Fiel and C. W. Wiedemann, both of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal by writ of error was prosecuted by Midwest Piping & Supply Company, Inc., plaintiff in error, from a judgment by default in the sum of $1,000, rendered in favor of J. R. Page, defendant in error, in the District Court of Jefferson County, on the 3rd day of May, 1938. The term of court at which the judgment by default was rendered convened on January 3, 1938, and ended the 5th day of July, 1938. Plaintiff in error made no appearance of any kind or character prior to the adjournment of the term of court at which the judgment was entered. The petition for writ of error was filed, together with the supersedeas bond, on the 11th day of July, 1938; the bond was approved on the day it was filed. Citation on the petition was issued on the 11th day of July, 1938, and served on defendant in error on the 12th day of July, 1938. Plaintiff in error's assignments of error were filed on the 11th day of July, 1938. The transcript was filed in this court on the 21st day of July, 1938, and plaintiff in error's original brief was filed in this court on the 28th of July.

The judgment by default was rendered on defendant in error's original petition filed in the lower court on the 21st day of March, 1938. For cause of action defendant in error alleged that plaintiff in error was a Missouri corporation, with a permit to do business in Texas and with offices in the City of Austin under the management of M. H. Goldsmith "upon whom service may be had"; that he was an employee of plaintiff in error; that it was the duty of plaintiff in error "to furnish him with a good and reasonably safe place to work"; that it breached this duty and as a proximate result he was injured and suffered damages

in the sum of $2,000. Citation was issued on the petition on the 22nd day of March, 1938. The citation was in due form, and contained the following command, directed to the sheriff or any constable of Travis County: "A true copy of this writ you will deliver to the said Midwest Piping and Supply Company, Inc., by serving its agent M. H. Goldsmith, in person, together with certified copy of Plaintiff's original petition, on or before the 11th day of April, 1938." The sheriff made the following return on the citation, which was filed in the district court of Jefferson County, Texas, March 22, 1938:

"Came to hand on the 24th day of March, A. D. 1938, at 9:00 o'clock A. M., and executed in Travis County, Texas, by delivering to each of the within named defendants in person, a true copy of this citation at the following times and places, to-wit:

"Midwest Piping & Supply Company, Inc., by delivering to M. H. Goldsmith, agent for service,—3/24/38–9:55 A. M.—1 Mile south, .15

"I actually and necessarily traveled 2 miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in same case during the same trip. .

"Fees—serving Cop. .............. $1.00
"Mileage, Miles, ................. .15

"Total, ...................... $1.15

"Lee O. Allen, Sheriff,
"Travis County, Texas.
"By Tom Dougherty, Deputy."

On the 19th day of July, 1938, after the adjournment of the term of court at which the case was tried, and after plaintiff in error had perfected its appeal to this court by duly filing its petition for writ of error, supersedeas bond, etc., and after citation in error had been duly issued and served on defendant in error, and after the transcript had been filed in this court, and after plaintiff in error had duly filed its assignments of error, but before it had filed its brief in this court, defendant in error filed in the lower court his motion to amend the return made by the sheriff of Travis County upon the citation served by him on plaintiff in error. On the 29th day of July, 1938, the presiding judge of the lower court, on presentation to him of the motion to amend the sheriff's return, directed that "notice to show cause" issue and be served upon plaintiff in error and the sheriff of Travis

County. The sheriff filed his answer to the motion, reciting that in fact he had served plaintiff in error with a certified copy of the original petition, as directed by the citation. The following service of the motion was had upon plaintiff in error: "Came to hand the 30th day of July 1938 at 4 o'clock P. M. and executed the 1st day of August A. D. 1938 by delivering to C. A. Lord, Attorney for defendant, the within named defendants' each in person, a true copy of this writ." Plaintiff in error made no appearance in answer to the service made upon Judge Lord, and made no contest of any kind to the motion to amend the citation. Plaintiff in error took no action of any kind or character in the lower court except to perfect its appeal to this court in the manner stated above. The motion to correct the sheriff's return on hearing in the lower court on the 13th day of August, 1938, was granted in all respects prayed for by defendant in error, and judgment was entered on the motion directing the sheriff of Travis County to correct his return on the original citation. Under that order the sheriff of Travis County corrected his return, which was filed in the lower court; the motion to correct the return and all proceedings thereon were filed in this court as a supplemental transcript on the 21st day of July, 1938, under our order.

### Opinion.

Plaintiff in error advances the following proposition against the amended return on the original citation, made by the sheriff of Travis County, and filed in the lower court, and in this court in the supplemental transcript: "Where, as in this case, the plaintiff in error has duly filed its petition for writ of error and its supersedeas bond on appeal by writ of error from a judgment by default rendered against it, and has duly procured and served the citation in error and filed its assignments of error, and in all respects has perfected its appeal by writ of error, the trial court has then no jurisdiction and is without power or authority to allow any correction on the sheriff's return of the citation on which such default judgment was rendered, and all proceedings and orders thereafter made in the trial court are invalid and the same cannot operate to correct the officer's return so as to establish and validate the default judgment appealed from or to deprive the plaintiff in error from having its judgment in the Court of Civil Appeals revers-

ing the judgment appealed from and remanding the cause."

In filing his motion to correct the sheriff's return defendant in error took action under Art. 2044, R.S.1925: "Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court." Article 2044 has not been amended in the respect invoked by the defendant in error since its enactment in 1846; Acts May 13, 1846, page 369; Paschal's Digest Laws of Texas, Sec. 53, page 107; 2nd Gamble's Laws of Texas, 1675. Thomason v. Bishop, 24 Tex. 302, is in point, supporting plaintiff in error's proposition. Judge Roberts, writing the opinion, said:

"The question in this case is, whether or not, after the term of the court, at which a judgment is rendered, the sheriff can amend a defective return of service of the citation, on which a judgment by default has been taken, upon a mere motion made by the plaintiff below, with notice thereof served upon the attorney of the defendant below, who had filed a petition for a writ of error.

"We think such amendment does not cure the defect of the judgment. The plaintiff below, should have filed his petition, setting forth the facts, and asked the court to set aside the judgment thus erroneously entered in his favor, and have served the defendant with process, as in an original suit. The defendant below, being then in court, and the judgment having been set aside, could have had full opportunity to plead, either in abatement, or in bar, any defence which he may have had to the action. (Richardson v. Ellett, 10 Tex. [190], 191.) Until the return of the sheriff upon the citation, showed that the defendant below had been properly cited, he was not bound to appear for any purpose. If the amendment be allowed after the term, as in this case, the defendant is cut off from his right of pleading that he has, in fact, not been properly cited, or any other defence.

"It is true, the statute says that 'any mistake or informality in a return, may be corrected by the officer, at any time, under the direction of the court.' O. & W. Dig. 115. This may grant the power to permit an amendment of the return, after the term, at which the judgment was rendered, as well as before. Still the power should be exercised in such manner, as not to deprive the defendant below, of the substantial right of pleading any matter of defence, after it was made to appear to the court, by the amendment of the return, that the process had been served. (3 Bl.Com. 410.)

"We think, therefore, that this case must be regarded, as if there had been no amendment of the return, by the sheriff. The return is bad, under the decisions of this court repeatedly made, and for that reason the judgment will be reversed and the cause remanded."

The original construction of Art. 2044 has not been overruled. Texas State Fair & Dallas Exposition v. Lyon et al., 5 Tex. Civ.App. 382, 24 S.W. 328; Smith v. Haynes, 30 Tex. 500; Continental Ins. Co. v. Milliken, 64 Tex. 46; McLane v. Kirby & Smith, 54 Tex.Civ.App. 113, 116 S.W. 118; Texas Jurisprudence, Vol. 3, p. 369, sec. 262.

In support of the judgment authorizing the sheriff to file an amended return, defendant in error cites the following authorities:

(a) Watson v. Glenn, Tex.Civ.App., 82 S. W.2d 704, 705. In that case the amended return was "filed in the trial court, but subsequent to the rendition of the trial court's judgment and subsequent to the perfection of this appeal, and has been brought to this court by certiorari heretofore granted." On this point, Judge Baugh, writing for the Austin Court of Civil Appeals, said: "Since the cause must be reversed and remanded for another trial, and since the amended process as made after the former judgment herein, is now sufficient for that purpose on another trial hereof, it is unnecessary for us to pass upon its sufficiency here to sustain the former judgment."

(b) Employers' Reinsurance Corporation v. Brock, Tex.Civ.App., 74 S.W.2d 435, 437. In that case the motion was filed to set aside the judgment before the adjournment of the court at which the case was tried; the return was amended prior to the hearing on the motion to set aside the judgment; construing the amendment by the sheriff, the court said, "The right to so amend is not challenged."

(c) O'Quinn v. Harrison, Tex.Civ.App., 271 S.W. 137. That case was a proceeding to enjoin the issuance of execution upon, and to have set aside as being void, a default judgment; the case is not in point.

(d) Lafleaur v. Switzer, Tex.Civ.App., 109 S.W.2d 239. The point there involved was in a probate proceeding on certiorari

from the county to the district court, and not in point.

(e) Article 2044, cited above. In construction of this article, it was said in 33 Tex.Jur. 908: "* * * it appears that in authorizing the officer to amend his return 'at any time' the statute contemplates the right to amend after the term as well as before, provided the amendment is made after full notice to the defendant or his attorney and after he has been afforded an opportunity to plead any matter of defense which he might have originally set up."

It follows that the amended return of the sheriff cannot be considered by us in support of the default judgment.

The service of the citation on plaintiff in error by the sheriff of Travis County, as reflected by his original return—the return failed to state that he had served plaintiff in error with a certified copy of the petition of defendant in error—was fatally defective, and did not give the lower court jurisdiction of the person of plaintiff in error sufficient to support the judgment by default. Arts. 2023, 2026, and 2034, R.C.S.1925; Lauderdale v. Ennis Stationery Co., 80 Tex. 496, 16 S.W. 308; Price et al. v. Black Bros., Inc., Tex.Civ.App., 19 S.W.2d 847; Fitzpatrick v. Dorris Bros., Tex.Civ.App., 284 S.W. 303; Stevens v. Price, 16 Tex. 572, 573; Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676; National Equitable Society v. Tennison, Tex.Civ.App., 174 S. W. 978; Tex.Jur., Vol. 33, Sec. 38, pp. 843, 886, 876, and 882.

The judgment is reversed and the cause remanded.