## FIRMAN LEATHER GOODS CORPORATION v. McDONALD & SHAW.

### No. 4594.

Court of Civil Appeals of Texas. El Paso.

Nov. 3, 1948.

Rehearing Denied Dec. 8, 1948.

Ungerman, Hill & Ungerman and William M. Hill, all of Dallas, for appellant.

Geo. Sergeant and Sarah Daniels, both of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal by writ of error by the Firman Leather Goods Company, appellant, from a default judgment rendered against it in favor of J. B. McDonald and George Shaw, sole members of the firm of McDonald & Shaw. This judgment was rendered on the 4th day of November, 1947, and was in the sum of $2029.89. The citation upon which this judgment was rendered is as follows:

"The State of Texas

"To W. B. Denman, Party-Defendant, and as agent for Firman Leather Goods Company, A corporation, you the said defendant are hereby commanded to appear before the 44th Judicial District Court of Texas, at the Courthouse in the City of Dallas, Dallas County, Texas, at or before Ten o'clock A.M., on the Monday next after the expiration of 20 days from the date of service hereof, then and there to answer the petition of J. B. George, McDonald & Shaw, Filed in said Court on the 23rd day of May, 1947 against Firman Leather Goods Company, a Corporation, for suit, said suit being Numbered 11457–B, the nature of which demand is as follows: Suit for debt, etc, as shown by said petition, a copy of which accompanies this Citation. If this Citation is not served within 90 days after date of its issuance it shall be returned unserved. Witness, Bill Shaw, Clerk of the District Courts of Dallas County, Texas.

"Given under my hand and the Seal of said Court at office in the City of Dallas, this the 2nd, day of October, 1947.
　　　　"Attest: Bill Shaw, Clerk of the
　　　　　District Courts of Dallas County.
　　　　　Texas.
　　　　By /s/ Dorothy Long, Deputy,
　　　　　　Dorothy Long.
"Came to hand on the 9 day of October, 1947, at 8 o'clock A.M., Executed at Georgetown, Texas, within the County of Williamson, at 3:45 o'clock P.M., on the 11th day of October, 1947, by delivering to the within named W. B. Denman each in person, a true copy of this Citation together with the accompanying copy of this petition, having first indorsed on same the date of delivery.

"The distance actually traveled by me in serving such process was . . . miles and my fees are as follows: To certify which witness my hand.

```
For serving Citation . . . $1.25 /s/ S. Allen, Sheriff
 of Williamson,
 County.
 By Henry Mat-
For Mileage . . . ysek, Deputy.
For Notary . . .
Total Fees . . . . . . . . . $1.25 Pd. by Pltff's Atty
```

"This is to certify that I have this day copied and compared officer's return on citation. done this the 17th day of October, 1947. Filed October 17, 1947. Bill Shaw, Dist. Clerk, Dallas Co., Texas.

"Endorsement on Instrument. No. 11,-457–B. 44th Judicial District Court, Dallas County, McDonald & Shaw. Citation Firman Leather Goods Company. Issued This 2nd day of October, 1947, Bill Shaw, Dist. Clerk. by Dorothy Long, Deputy George Sergeant, Texas Bnk Bldg., Dallas, Texas, Attorney for Plaintiff."

This citation and return seem to have been filed in the District Clerk's office on

the 17th day of October, 1947. On the 13th day of January, 1948, plaintiff filed in the trial court motion as follows:

"Now comes the plaintiff in the above entitled case and moves the court to direct the officer serving the citation in this cause to amend his return showing with exactness how he executed the same."

On the 13th day of January the trial court entered order as follows:

"And the Court after hearing the facts and the law thereon and being of the opinion that the motion is well taken,, it is hereby sustained."

The amended return as same appears in the supplemental transcript is as follows:

"Came to hand on the 9 day of October, 1947, at 8 o'clock A.M., Executed at Georgetown, Tex., within the County of Wmson at 3:45 o'clock P.M., on the 11 day of Oct. 1947, by delivering to the within named defendant, Firman Leather Goods Co., a Corporation, by delivering to W. B. Denman, its local agent. in person, a true copy of this Citation together with the accompanying copy of this petition, having first indorsed on same the date of delivery.

"The distance actually traveled by me in serving such process was ..... miles and my fees are as follows: To certify which witness my hand.

| | |
|---|---|
| For serving Citation $1.25 | S. Allen, Sheriff of |
| For mileage ......... | Williamson County |
| For Notary .......... | By Henry Matysek |
| Total Fees ......... $1.25 | /s/ Deputy. |
| Pd by Pltff's Atty." | |

It does not appear from the supplemental transcript the date this amendment was made. It is asserted in the reply brief of appellant that "at some time between the date of lodging original transcript in the Court of Civil Appeals at Dallas, being May 5, 1948, and the filing of the supplemental transcript on May 13, 1948, the Sheriff of Williamson County returned to the District Clerk of Dallas County, Texas the original citation, on which citation he had undertaken to make certain changes, substitutions and interlineations on the return thereof." This statement is not challenged by appellee. Appellant's petition for writ of error to the Court of Civil Appeals was filed April 16, 1948; its bond therefor

was filed and approved on the 16 day of April, 1948; the transcript herein was filed with the Court of Civil Appeals at Dallas the 5th day of May, 1948. Appellee's motion to file supplemental transcript was filed May 18, 1948 in the Dallas Court of Civil Appeals.

 It is to be noted that appellees failed to secure the filing of the amended return until after jurisdiction had been conferred upon the Court of Civil Appeals by virtue of the perfection of the appeal by writ of error on April 16, 1948. Appellant relies on one point of error, as follows:

"The error of the trial court in rendering judgment by default against the defendant corporation upon the citation and return thereof in this case, which citation was directed to W. B. Denman, party-defendant and as agent for Firman Leather Goods Co. a corporation, and the return thereof showing that the citation was delivered to the within named W. B. Denman each in person, a true copy of this citation, and without any showing that any service was had upon any agent or representative of the defendant corporation."

This brief of appellant was filed May 24, 1948. In its reply brief appellant stated that since the filing of the original brief appellees filed an additional transcript. This additional transcript for the first time reflects the amendment by the Sheriff of Williamson County of his return. As has been stated, there is no means afforded by the transcript or the supplement thereto of showing just when this amended return was made and when it was filed in court. Appellee's motion to file supplemental transcript was filed in this court June 14, 1948. It recited that the officer's amended return was omitted by the clerk. Of course if the officer's signed return had not been made and filed prior to certification of the transcript by the clerk it was not omitted by him, and in this respect the transcript is true and correct. The motion to have the return amended is entirely unverified. The court made the order on the same day same was filed. It is thought the finding is justified that it was made without any notice to appellant. The order does not

recite notice, no notice appears in the record or appears in the transcript. If as a matter of fact the amended return was made subsequent to the perfection of the writ of error, at the time the judgment was rendered on November 4, 1947, the record failed to show any jurisdiction over the person of the appellant. It shows the service of the citation on W. B. Denman. It does not recite that Denman was the agent of appellant; the citation is to serve W. B. Denman as a Party-defendant and as agent for the Firman Leather Goods Company. The return fails absolutely to show service on the defendant Firman Leather Goods Company. There are other insufficiencies and informalities as to the citation which we shall later point out. Let us first determine if an amended return on a citation may be considered which was not made until after writ of error was perfected, although the court had entered an order in general terms directing the Sheriff to amend his returns of the citation; this, however, after the term of court at which the judgment was rendered had expired and after said judgment had become final, and done on an unverified motion without notice to the adverse parties. In regard to the correction of a mistake in the return, Art. 2044, Vernon's Statutes provides:

"Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court."

This Article was repealed by Texas Rules Civil Procedure, rule 118, which provides:

"At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issues."

It is to be observed that Rule 118 seems to provide some notice to parties adversely interested, for it says: "upon such notice * * * as it deems just". This, it is thought, would not authorize a court to direct or sanction the amendment of a return to process after the judgment had become final, at another term, without some

notice to the party adversely interested. Be that as it may, we are confronted with the question—May an amended return on process made after the Court of Civil Appeals has acquired jurisdiction by perfection of writ of error be used to show personal jurisdiction over a defendant? The effect of perfecting a writ of error is to suspend further action of the district court in the cause, at least insofar as it might affect the right of plaintiff in error to have the cause acted upon by the appellate court as it stood when the petition and bond for writ of error were filed. Texas State Fair & Dallas Exposition v. Lyon, 5 Tex. Civ.App. 382, 24 S.W. 328. See also Midwest Piping & Supply Co., Inc., v. Page, Tex.Civ.App., 128 S.W.2d 459 (Wr.Den.).

In the case of Home Benefit Ass'n v. Sims, Tex.Civ.App., 48 S.W.2d 708, 709, it is stated:

"Our courts have definitely held that after an appeal has been taken and the record filed in the appellate court, the district court cannot thereafter, without any notice to defendants in the trial court, authorize a sheriff to correct his return on the citation on which the default judgment was entered and thereby deprive the parties from relying on the defective sheriff's return for a reversal in the appellate court."

It is fundamental, we think, that before a personal judgment is rendered against a defendant that the judgment roll should show personal service of the citation or an appearance by the defendant. At the time the judgment was rendered on November 4th there was no proof of personal service upon the appellant defendant. The sheriff's return showed service upon W. B. Denman. W. B. Denman was not a party to the suit, although the citation was directed to him as a party-defendant and as agent for the Firman Leather Goods Company. The citation was not in turn directed to the Firman Leather Goods Company, the appellant. Until by the amended return subsequent to the perfection of the writ of error there was no showing that W. B. Denman was such an agent that jurisdiction could be acquired over the appellant or the foreign corporation, by service of the citation upon him. Art 2031 provides for

service upon a foreign corporation. See Cumulative Annual Pocket Part, 1948. It enumerates the agents upon whom service may be had. Up to the amendment of the return there was no showing that W. B. Denman was the local agent of appellant upon whom citation might be served. In regard to a judgment by default, Rule 107 provides in part:

"* * * no default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

The original citation as appearing in the original transcript does not show the date same was filed in the district court after the service. In the supplemental transcript there appears on the citation "Filed Oct. 17, 1947." Unquestionably when the judgment was rendered on November 4, 1947, the return of the sheriff had been on file for 10 days, but not until after the perfection of this writ of error was there any return of the Sheriff on file in any way tending to show personal jurisdiction over appellant. This statement is made in light of the fact that appellant filed a request for a transcript on April 16, 1948, as shown by the transcript. The clerk was requested to include in the transcript citation issued October 2, 1947, served October 11, 1947, and returned and filed October 17th, 1947. It must be that had the amended return been filed at that time the Clerk would have included same in the transcript—in fact the amended return seems to have been made by interlineation and striking out parts of the return on the original citation. In our opinion the case must be reversed for the failure of the judgment roll to show personal jurisdiction over the defendant.

■ Texas Rules Civil Procedure, rule 101, prescribes the requisites of a citation as follows:

"The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear and answer the plaintiff's petition at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service thereof, stating the place of holding the court. It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be accompanied by a copy of plaintiff's petition. The citation shall further direct that if it is not served within 90 days after date of its issuance, it shall be returned unserved. The party filing any pleading upon which citation is to be had shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when the copies are so furnished the clerk shall make no charge therefor."

The citation in question is thought to be defective in the following respects:

It is not addressed to the defendant; it incorrectly states the parties-defendant in that W. B. Denman is stated to be a party-defendant and W. B. Denman as agent for the Firman Leather Goods Company, a corporation; it fails to correctly state the name of parties-plaintiff; J. B. George, McDonald & Shaw are named as parties-plaintiff. The parties-plaintiff named in the petition are J. B. McDonald and George Shaw, who aver they are the sole members of the firm of McDonald & Shaw. The requirements of the rule, the source of which is R.C.S. Art. 2022, are generally held mandatory. See citations under Art. 2022 Vernon's Ann.Civ.St.

At the time of taking of this judgment by default and for a long time after, and at the time of the perfection of this appeal by writ of error the judgment roll failed to show jurisdiction over the person of defendant.

It is ordered that the judgment of the trial court be reversed and the cause remanded.