## DELGADO v. DELGADO.
### No. 12466.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 8, 1952.

Rehearing Denied Dec. 10, 1952.

James L. Drought and Thomas Drought, San Antonio, for appellant.

Maxwell Burkett, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a direct attack by writ of error upon a divorce judgment obtained by Anita Delgado against appellant, Guadalupe Delgado. Appellant did not appear at the trial and judgment was rendered against him despite the fact that the sheriff's return showed that citation was served upon Guadalupe "Garcia" rather than Guadalupe "Delgado."

The suit was originally instituted on July 13, 1950, by Guadalupe Delgado in the District Court of Bexar County, Texas, seeking a divorce from his wife, Anita Delgado. Citation by publication was obtained, and on September 11, 1950, judgment granting plaintiff a divorce was rendered.

On November 9, 1951, a motion for a new trial and cross-action was filed by Anita Delgado and citation on this motion and cross-action was issued to plaintiff, Guadalupe Delgado. The sheriff's return recites that this citation was served, "by delivering to Guadalupe Garcia a true copy of this citation." Thus the return shows on its face that the citation was served upon the wrong person.

On February 13, 1952, judgment was rendered on this motion for a new trial and cross-action, in which judgment the trial judge found that Guadalupe Delgado had obtained citation in the original cause by the making of a false affidavit to the effect that he did not know the whereabouts of his wife, when in truth and in fact he knew that she was in Monterey, N. L., Mexico. Accordingly, the court rendered judgment, among other things decreeing: that the judgment of divorce granted to Guadalupe Delgado on September 11, 1950, be set aside and declared void; granting to Anita Delgado a divorce upon her cross-action; awarding to her the custody of their four minor children; appointing a receiver and ordering him to sell certain real and personal property belonging to Guadalupe Delgado.

The receiver undertook to sell this property but was prevented from doing so by Guadalupe Delgado.

On April 15, 1952, a motion for contempt was filed by the receiver against Guadalupe Delgado. On April 17, 1952, Guadalupe Delgado filed an answer pointing out the defect in the sheriff's return of the citation upon the motion for a new trial and cross-action.

On April 18, 1952, a deputy sheriff of Bexar County filed a motion for leave to correct the return and to make it speak the truth, that such citation was in fact served upon Guadalupe Delgado. The trial court set this motion down for a hearing on April 23, 1952, and issued a notice to show cause to Guadalupe Delgado.

On April 22, 1952, Guadalupe Delgado filed his petition and bond for a writ of error to this Court and thus the cause is now pending herein.

Unquestionably the trial court erred in granting a judgment in favor of appellee against appellant based upon service showing that the citation was served upon Guadalupe "Garcia" and not upon appellant. Firman Leather Goods Corporation v. McDonald & Shaw, Tex.Civ.App., 217 S.W.2d 137; Hendon v. Pugh, 46 Tex. 211.

The trial judge found that, "Anita Delgado filed her motion for new trial and her cross-action in conformity with Rule 329 of Vernon's Texas Rules of Civil Procedure; that Guadalupe Delgado was served with citation thereon. That thereafter Guadalupe Delgado conferred with E. H. Talbert, Esq., a practicing lawyer of the San Antonio Bar, who had represented him and filed this suit for divorce and conducted the trial thereof; that the lawyer named voluntarily appeared in court at the time of the hearing of the petition and motions of Anita Delgado and informed the court that he had fully investigated the facts and circumstances and had discussed with Guadalupe Delgado the papers served upon him in this cause, and in view of the facts he found and the misrepresentations of Guadalupe Delgado to him, that he would not further represent Guadalupe Delgado and did not desire to have anything further to do with this cause, and had advised Guadalupe Delgado to secure other counsel."

Any admission which E. H. Talbert, Esq., made after he had ceased to represent appellant was not in any way binding upon appellant. The sheriff's return shows on its face that appellant had not been duly served with process. Where a direct attack is made on a default judgment, as is the case here, the judgment roll must show that the defendant was duly served by process and the sheriff's return is a part of that judgment roll. The mere recital in the judgment that the defendant was duly served with process is not sufficient to overcome the sheriff's return to the contrary. Fitzpatrick v. Dorris Brothers, Tex.Civ.App., 284 S.W. 303; 33 Tex.Jur. 878, § 65; Roberts v. Stockslager, 4 Tex. 307; Firman Leather Goods Corp. v. McDonald & Shaw, supra; 25 Tex.Jur. 667, Judgments, § 242.

Likewise, the finding of the trial judge that appellant had received notice both by registered mail and by telegram does not take the place of service of process and will not support a judgment by default. Gilbert v. Lobley, Tex.Civ.App., 214 S.W.2d 646.

The judgment of the trial court will be reversed and the cause remanded.

On Motion for Rehearing.

Appellee's motion for rehearing has been carefully considered and is overruled upon the following additional authorities: Rule 107, T.R.C.P.; Thomason v. Bishop, 24 Tex. 302; Midwest Piping & Supply Co. v. Page, Tex.Civ.App., 128 S.W.2d 459, writ of error refused; Watson v. Glenn, Tex.Civ.App., 82 S.W.2d 704; Home Benefit Ass'n v. Sims, Tex.Civ.App., 48 S.W.2d 708; 2 McDonald, Texas Civil Practice, § 919.