Case No. 04-15-00271-CV

| | | |
|---|---|---|
| ROWLAND J. MARTIN | ) | IN THE COURT OF APPEAL |
| Appellant | ) | |
| | ) | |
| v. | ) | FOR THE FOURTH DISTRICT |
| | ) | |
| BEXAR COUNTY, et al. | ) | |
| Appellees | ) | BEXAR COUNTY, TEXAS |

## APPELLANT'S SUPPLEMENTAL AMENDED MOTION TO ABATE AND FOR EXTENSION OF TIME TO FILE APPELLATE BRIEF

**TO THE FOURTH DISTRICT COURT OF APPEALS:**

NOW COMES Appellant, Rowland J. Martin, Administrator and Heir of the Estate of King, pursuant to Tex. R. App. Pro 27.1, and files this, his "Appellant's Supplemental Amended Motion To Abate And For Extension Of Time To File Appellate Brief," in support of which the following is shown:

### STATEMENT OF THE CASE

Appellant supplements his pending abatement motions to request the Court to take judicial notice of the filing of a final notice of appeal, and to request a retroactive grant of abatement from July 10, 2015 until such time as the Court may provide for the filing of an appellate brief. Supplementation of the record is also requested. Appellant has ascertained that the dismissal proceeding is final based on the order of June 29, 2015 that came to his attention on July 17, 2015, and is ready, willing and able, to proceed with the filing of his appellate brief.

### DISCUSSION

After diligent pre-filing inquiries into docket records in Exhibits A – C , and after receiving new papers that the Probate Court transmitted by postal mail on or about July 21, 2015 in Exhibit D, Appellant now construes the order on June 29, 2015, and the newly transmitted findings on July 21, 2015, as indicative rulings that together clearly and unambiguously establish

1

the Probate Court's intention to accord finality to the dismissal action taken on June 29, 2015. Further, the delay in proceeding with a regular appeal was not for dilatory reasons, but was in response to an extraordinary need for diligence in ascertaining the factual foundation for invoking appellate jurisdiction by way of a regular appeal on April 16, 2015. The breakdown in communications with the Probate Court reported in Appellant's motion of July 24, 2015 substantiates the reasonableness of the caution that Appellant has attempted to exercise.

The attachments include copies of docket records and orders on June 29, 2015, and July 10, 2015 in Exhibits A – C, and copies of related documents containing probate court findings that issued on July 21, 2015 in Exhibit D. In pertinent part, the Probate Court's final dismissal order on June 29, 2015 grants the respondents' motion for a nunc pro tunc dismissal order in lieu of the erroneously dated order on March 31, 2015. The July 10, 2015 order granted a hearing on motion for correct the judgment. The findings issued on July 21, 2015 operate as a final response to Appellant's notice of late filing of findings of fact and conclusions of law filed on July 10, 2015, and also provides a reasonable basis for the presentation of arguments about the nature of the Probate Court's error in dismissing Appellant's cause of action for declaratory and injunctive relief. Notwithstanding, reliance on the July 21, 2015 findings of fact for establish the finality of the order on June 29, 2015, Appellant takes special exception to the actions taken on July 21, 2015 for the reason that the breakdown in communication with the Probate Court is more extensive than originally believed.

Under the fundamental error rule, jurisdictional errors can be raised for the first time on appeal. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993). Applying fundamental error analysis, Appellant is aggrieved in particular by the fact that the Probate Court transmitted its findings on

2

July 21, 2015 by way of a citation referring to the style of the case as "In the Estate of Rafael G. Trevino," and with an accompanying order directing Martin to show cause why he should not be removed as Administrator for the Estate of King, based on a supposed representation to the probate court that no final settlement has been filed. A copy of the 2008 heirship settlement that Appellant represented to the Probate Court at the hearing on March 31, 2015 is attached in Exhibit E. Appellant infers from the latter the probable cause of the breakdown in communication lies in the Probate Court's reliance on oral arguments by the counsel for the tax authorities to ascertain its jurisdiction without regard to evidence of record and the case law authorities cited in Appellant's pleadings.[1]

As general rule, "[r]eceiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990). It is unclear here how the requirements for service of a proper Estates Code citation, and for the filing of a proper Estates Code return of service, can even plausibly be met in the current state of the appeal. *Firman Leather Goods Corp. v. McDonald & Shaw*, 217 S.W. 2d 137, 140 (Tex. Civ. App. – El Paso 1948, no writ) (proper return of service must precede

---

[1]     Appellant questions the reasonable of the Probate Court's finding that representations were made to suggest that the estate inventory includes one parcel of property as to which there has been no final settlement. See generally, "Relator's Brief" in In re Martin, Case No. 04-13-00370-CV (Tex. App. – San Antonio, 2013) ( writ denied). In fact, the Probate Court itself expressly confirmed the existence of a settlement when it acknowledged Appellant's capacity to proceed pro se at the hearing on March 31, 2015 with the statement: "The settlement agreement with the other 50 percent heirs takes away that concern for me." Vol. 1 RR 8, lines 19- 21. See also, Vol. 1 RR p 4 (lines 7 – 16) (Martin: "There was a settlement agreement that involved a mutual exchange of releases between myself, in my capacity as an heir, and [the estate of] Opal Gilliam.") and p. 5 (line 13) - p. 7 (line 23) (Martin: "...[A]s I said earlier, there was an heirship settlement agreement where the other 50 percent interest holder released all claims against my distribution from the estate."). Appellant is unfamiliar with the source of the Probate Court's belief as of July 221, 2015 that there is only "1 remaining asset" in the estate, as the statement facially neglects to consider Martin's demands to remove clouds from title to real property of the estate in Case NO. 2015-CI-4779, and related efforts to wipe the slate clean by litigating the chose in action in *Martin v. Bravenec*, et al, Case No. 15-0541 (Tex. S. Ct., filed July 23, 2015). The finding is unsupported in the reporters record, and apparently neglects to consider evidence of clerk's record of the dismissal proceeding that was originally administered on March 31. 2015.

3

divestiture of trial court jurisdiction in order to be effective). Indeed, it is difficult to see how expectations of fundamental due process can be fulfilled where a reviewing judge is acting sua sponte in a prosecutorial capacity based on unnoticed evidence and attestations grounded in sources known only to the same reviewing judge. *Cf., Gonzalez v. State*, Case No. 04-14-00222-CR (Tex. App. – San Antonio, July 15, 2015) (due process requires good faith disclosure of exculpatory evidence in prosecutorial setting).

Reserving a detailed explanation of the factual basis for alleging fundamental errors for the intended appellate brief, it suffices to challenge the process administered in connection with the Probate Court's findings on July 21, 2015 with respect to (1) a lack of personal jurisdiction in the probate court under Estates Code Section 1051.003(a) (3) which requires a citation under the code to include "the style and number of the proceeding" for the matter under review, (2) a lack of subject matter jurisdiction in the probate court under case law authority guaranteeing opportunities for self-representation by pro se administrators in *Ex parte Shaffer*, 649 S.W.2d 300 (Tex. 1983), and (3) a lack of capacity in the probate court to comply with structural safeguards in Tex. R. Evid. 605 ("The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point.")

## CONCLUSION AND PRAYER

For all the reasons above, the Court of Appeals is respectfully requested to allow the late filing of an opening appellate brief concurrently with the requested abatement of the appeal retroactively to July 10, 2015. On one hand, it clearly appears that the Probate Court has spoken on the issue of the finality and that further proceedings to modify the judgment through the probate court process would be futile. On the other hand, the known errors from March 31, 2015, coupled with prima facie errors on June 29, 2015, from withholding notice and opportunity to be

4

ard, and other prima facie errors on July 21, 2015, from legally insufficient findings of fact, dicate that the appeal is ripe for fundamental error review.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court grant relief all things, for such other relief both in law and in equity as he may be justly entitled.

ted: July 27, 2015

Respectfully Submitted,

Rowland J. Martin
951 Lombrano
San Antonio, Tx 78207
(210) 323-3849

5

## CERTIFICATE OF SERVICE

I delivered a copy of this, "Appellant's Supplemental Amended Motion To Abate," to Attorney Conry Davidson via email c/o Bexar Appraisal District, 411 S. Frio, San Antonio, Texas, 78204 on July 27, 2015.

Dated: July 27,2015

Rowland J. Martin
951 Lombrano
San Antonio, Tx 78207
(210) 323-3849

## EXHIBIT

A.   Probate Court Docket Records from Case No. 2001-PC-1263 referring to orders on June 29, 2015 and July 10, 2015.

B.   Probate Court Order of June 29, 2015

C.   Probate Court Order of July 10, 2015

D.   Probate Court Papers and Findings transmitted on July 21, 2015

E.   Probate Court Heirship Settlement Agreement in Case No. 2001-PC-1263

# A

---

AND CONCLUSIONS OF LAW

00176   06/22/2015          2158      7377          0002
DESC:
        ORIGINAL DATE STAMPED COPY OF
        CERTIFICATE OF SERVICE

00177   06/22/2015          2158      8516          0006
DESC: ANSWER/RESPONSE
        RESPONSE TO PETITIONER'S MOTION FOR REHE
        ARING, ETC.

00179   06/23/2015          2160      3676          0016
DESC: MEMORANDUM
        OF POINTS AND AUTHORITIES OPPOSING
        RESPONDENTS' MOTION FOR SANCTIONS

00190   06/23/2015          2160      3672          0004
DESC: OBJECTION
        PETITIONER'S OBJECTIONS TO RESPONDENTS'
        PLEADING

00180   06/24/2015          2158      9986          0003
DESC: MOTION
        FOR ORDER NUNC PRO TUNC

00181   06/24/2015          2158      9815          0013
DESC: NOTICE
        PETITIONER'S-OF LATE FILING OF FINDING
        OF FACT AND CONCLUSIONS OF LAW AND
        PETITIONER'S NOTICE OF ULTRA VIRES
        EXCEPTIONS TO ENTRY OF NUNC PRO TUNC
        ORDER OF DISMISSAL

00182   06/26/2015          2159      2269          0018
DESC:
        PETITIONER'S RESPONSE TO RESPONDENT'S
        MOTION FOR DISMISSAL ORDER AND HIS
        NOTICE OF DEADLINE FOR FILING OF
        FINDINGS AND CONCLUSIONS

00183   07/02/2015          2159      5798          0008
DESC: MOTION FOR NEW TRIAL
        AND FOR CORRECTION OF THE OVERRULING OF
        THE MOTION FOR REHEARING DATED APRIL 9,
        2015

00191   07/02/2015          2160      3692          0008
DESC: MOTION FOR NEW TRIAL
        AND FOR CORRECTION OF THE OVERRULING
        OF THE MOTION FOR REHEARING DATED APRIL
        9, 2015

00185   07/07/2015          2159      8405          0021
DESC: PETITION
        FOR RELIEF

00192   07/07/2015          2160      3700          0006
DESC: MOTION
        PETITIONER'S SUPPLEMENTAL MOTION FOR
        CORRECTION OF JUDGMENT N.O.V.

00184   07/08/2015          2159      9869          0020
DESC: SUPPLEMENTAL

00028  03/30/2015  KELLY M. CROSS          2153   2007    0002      0.00
       DESC: ORDER OF
              DEFENDANTS' JOINT MOTION TO DISMISS FOR
              JURISDICTION OR IN THE ALTERNATIVE,
              DEFENDANTS' JOINT APPL TO DISMISS FOR
              LACK OF JURISDICTION
00029  03/30/2015  KELLY M. CROSS          2153   3928    0003      0.00
       DESC: ORDER
              ON DEFENDANTS' JOINT MOTION TO DISMISS
              FOR LACK OF JURISDICTION OR IN THE
              ALTERNATIVE DEFENDANTS JOINT APP TO DISM
              ISS FOR LACK OF JURISDICTION
00030  03/30/2015  KELLY M. CROSS          2153   3941    0004      0.00
       DESC: ORDER
              ON DEFENDANTS JOINT MOTION TO DISMISS
              FOR LACK OF JURISDICTION OR IN THE ALTER
              NATIVE DEFENDANTS JOINT APP TO DISSMISS
              FOR LACK OF JURISDICTION
00031  06/19/2015  KELLY M. CROSS          2158   6924    0002      0.00
       DESC: ORDER
              MOTION TO SET
00032  06/29/2015  KELLY M. CROSS          2159   3442    0002      0.00
       DESC: ORDER NUNC PRO TUNC
              ON DEFENDENTS' JOINT MOTION TO DISMISS
              FOR LACK OF JURISDICTION OR IN THE
              ALTERNATIVE, DEFENDANTS' JOINT APPLICATI
              ON TO DISMISS FOR LACK OF JURISDICTION
00033  07/14/2015  KELLY M. CROSS          2160   3668    0002      0.00
       DESC: ORDER
              ON DEFENDANT'S JOINT MOTION TO APPEAR
              TELEPHONICALLY


                        ■ B O N D    I N F O R M A T I O N ■
    SEQ    DATE FILED   PRINCIPAL


00001    06/04/2001   ROWLAND J MARTIN, JR
   AGENT: STEPHEN T. PATE                              AMOUNT:    5000.00
   SURETY: WESTERN SURETY CO
   REASON: ADMINISTRATOR                               FORM: CORP
   RELEASE DATE:

# B

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| JOHNNIE MAE KING | § | |
| Decedent | § | |
| | § | |
| ********************************* | § | |
| | § | |
| ROWLAND MARTIN, ADMINISTRATOR, | § | |
| Petitioner | § | |
| | § | |
| v. | § | |
| | § | |
| CRISTINA GONZALEZ AND BRADLEY | § | |
| BALDERAMAS, ATTORNEYS OF THE | § | |
| LAW FIRM LINBARGER, GOGGAN, | § | NO. 1 |
| BLAIR AND SAMPSON | § | |
| | § | |
| ******************************** | § | |
| | § | |
| ROWLAND MARTIN, ADMINISTRATOR, | § | |
| Petitioner | § | |
| | § | |
| v. | § | |
| | § | |
| BEXAR APPRAISAL DISTRICT | § | |
| and APPRAISAL REVIEW | § | |
| BOARD OF BEXAR COUNTY | § | |
| Respondents | § | BEXAR COUNTY, TEXAS |

## ORDER NUNC PRO TUNC

### ON DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE, DEFENDANTS' JOINT APPLICATION TO DISMISS FOR LACK OF JURISDICTION

On March 31, 2015 came on to be heard Defendants, Bexar Appraisal District's and Bexar Appraisal Review Board's Joint Motion to Dismiss for Lack of Jurisdiction or in the alternative, Defendants' Joint Application to Dismiss for Lack of Jurisdiction.

Counsel of record appeared for the respective parties herein, and after receiving evidence and hearing argument, the Court FINDS that said Motion/Application should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendants, Bexar

V02159P3442

Appraisal District's and Bexar Appraisal Review Board's Joint Motion to Dismiss for Lack of Jurisdiction or in the alternative, Defendants' Joint Application to Dismiss for Lack of Jurisdiction is GRANTED.

This is a final order. All relief not granted herein is DENIED.

SIGNED, ORDERED, AND ENTERED on June 29 2015 .

JUDGE PRESIDING

FILED

JUN 3 0 2015

V02159P3443

C

|  |  |  |
|---|---|---|
| Rowland J. Martin , | ) | IN THE PROBATE COURT |
|    Petitioner in His Capacity As | ) |  |
|    As An Individual And As | ) |  |
|    Administrator For The Estate of | ) |  |
|    Johnnie Mae King, Decedent | ) |  |
| v. | ) |  |
|  | ) |  |
| BEXAR APPRAISAL DISTRICT AND | ) |  |
| BEXAR APPRAISAL REVIEW BOARD | ) |  |
|    Respondents | ) |  |
| Rowland J. Martin , | ) | NUMBER ONE |
|    Petitioner in His Capacity As | ) |  |
|    As An Individual And As | ) |  |
|    Administrator For The Estate of | ) |  |
|    Johnnie Mae King, Decedent | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CRISTINA GONAZALEZ AND BRADELY | ) |  |
| BALDERAMAS, ATTORNEYS FOR THE | ) |  |
| LAW FIRM OF LINEBARGER GOGGAN | ) |  |
| BLAIR AND SAMPSON, | ) |  |
|    Respondents | ) | FOR BEXAR COUNTY, TEXAS |

## MOTION TO SET

**TO THE HONORABLE JUDGE OF THIS COURT:**

Comes Now, Rowland Martin. Administrator for the Estate of King, and Petitioner in the above

styled cause, and files this Motion to Set for a hearing on the Petitioners' Motion For New Trial And For

Correction Of The Overruling Of The Motion For Rehearing Dated April 9, 2015."

### ORDER

The above "Motion For New Trial And For Correction Of The Overruling Of The Motion For

Rehearing Dated April 9, 2015" is hereby set for the 14th day of July 2015 at 3:00 o'clock

AM/PM in the Bexar County Probate Court #1.

Signed this 10 day of July 2015.

Hon. Kelly Cross
Bexar County Probate Court #1

1

D

11

NO. 2001-PC-1263

IN THE ESTATE OF RAFAEL G. TREVINO, DECEASED

TO:  Rowland J. Martin, Jr., *Pro Se*
     951 Lombrano
     San Antonio, Texas   78207

## SHOW CAUSE CITATION

THE STATE OF TEXAS  §
                    §
COUNTY OF BEXAR     §

GREETINGS:

YOU ARE HEREBY COMMANDED TO BE AND APPEAR before The Honorable Kelly M. Cross, Judge of Probate Court No. One, at a hearing to be held at the Bexar County Courthouse in Probate Court No. One, located at 100 Dolorosa, Room 123, San Antonio, Bexar County, Texas on July 30, 2015 A.D., 2015 at 9:15 a.m., then and there to appear and show cause.

A copy of the **COURT ORDER TO APPEAR AND TO SHOW CAUSE WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED** accompanies this citation.

WITNESS Gerard C. Rickhoff, Clerk of the Probate Court No. One of Bexar County, and seal of Bexar County, at my office in the City of San Antonio, Bexar County, Texas this ⚿ day of July A.D. 2015. Issued same day.

**GERARD C. RICKHOFF**
Clerk of Probate Court No. One of
Bexar County, Texas

By _____
          Deputy

2

## CERTIFICATE

I hereby certify that the original of this instrument and copy of the **COURT ORDER TO APPEAR AND TO SHOW CAUSE WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED** was mailed by United States Certified United States Mail, Return Receipt Requested, postage prepaid, to personal representative and the attorney of record for the personal representative on this _21_ day of July, 2015.

Rowland J. Martin, Jr., *Pro Se*
951 Lombrano
San Antonio, Texas 78207


**GERARD C. RICKHOFF**
Clerk of Probate Court No. One of
Bexar County, Texas

By _____
Deputy

3

NO. 2001-PC-1263

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| JOHNNIE MAE KING, | § | NUMBER ONE |
| | § | |
| DECEASED | § | BEXAR COUNTY, TEXAS |

## COURT ORDER TO APPEAR AND TO SHOW CAUSE
## WHY THE ADMINISTRATOR SHOULD NOT BE REMOVED

On this day, the Court on its own motion, complaining of Rowland J. Martin, Jr., failure of the Administrator to conclude the administration of this cause, which has been pending since 2001 and which Rowland J. Martin, Jr., has represented to the Court that there is 1 beneficiary and 1 remaining asset in the estate, a parcel of land and the estate is still open.

Texas Estates Code § 361.052(6)(A) provides, in pertinent part, that the Administrator may be removed if:

(6) the representative, as executor or administrator, fails to: (A) make a final settlement by the third anniversary of the date letters testamentary or of administration are granted, unless that period is extended by the court on a showing of sufficient cause supported by oath; ...

The Administrator of this estate, Rowland J. Martin, Jr., has failed to make a final settlement by the third anniversary of the date that letters of administration were issued in this cause. The Court has determined that the Administrator should now be cited in accordance with the law to appear and to show cause, if any, he may have as to why he should not be removed as Administrator in accordance with the provisions of Texas Estates Code §§ 361.051 and 361.052, and another administrator or receiver appointed to conclude the administration of this estate.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that Rowland J. Martin, Jr. shall appear and show cause why he should not be removed as Administrator and the Clerk of this Court be and is hereby directed to issue citation to Rowland J. Martin, Jr., as Administrator of the Estate of Johnny Mae King, Deceased, by certified mail, return receipt requested, requiring the Administrator to appear before this court in the Bexar County Courthouse in Probate Court No. One, located at 100 Dolorosa, Room 123, San Antonio, Bexar County, Texas 78205 on July 30, 2015, at 9:15 a.m., then and there to show cause, if any, he may have as to why he should not be removed as Administrator of the Estate of Johnnie Mae King, Deceased.

IT IS FURTHER ORDERED by this court that all costs associated herewith be charged against Rowland J. Martin, Jr., individually.

Signed July 21, 2015.

FILED

JUL 21 2015

GERARD RICKHOFF
CLERK PROBATE COURT NO. 1
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY

Kelly M. Cross,
Judge Presiding

1

E

CAUSE NO. 2001PC1263

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| JOHNNIE MAE KING, | § | NO. 1 |
| | § | |
| DECEDENT | § | BEXAR COUNTY, TEXAS |

## ORDER APPROVING JOINT MOTION TO ENFORCE RULE 11 AGREEMENT

On this day, came on to be heard the Joint Motion of the parties to approve Compromise Settlement Agreement. The Court has reviewed the parties' Motion and finds that it is well taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Compromise Settlement Agreement is approved and entered of record.

Signed this ___6th___day of _____June_____, 2008.

_____
JUDGE PRESIDING

FILED

JUN 0 6 2008

GERRY RICKHOFF
CLERK PROBATE COURT NO. 1
BEXAR COUNTY, TEXAS

BY_____
DEPUTY

VOL 809 PG 5882



03/07

CAUSE NO. 2001PC1263     JUN 0 6 2008

GERRY RICKHOFF
CLERK PROBATE COURT NO. 1

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT TEXAS |
| | § | BY _____ DEPUTY |
| JOHNNIE MAE KING, | § | NO. 1 |
| | § | |
| DECEDENT | § | BEXAR COUNTY, TEXAS |

## JOINT MOTION TO ENFORCE RULE 11 AGREEMENT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME the parties to the above-styled and numbered cause and jointly move this Court to approve the Settlement Agreement attached hereto.

Respectfully submitted,

HEARD & SMITH, L.L.P.
3737 Broadway, Suite 310
San Antonio, Texas 78209
(210) 820-3737
(210) 820-3777 (Facsimile)

By: _____
   MARK STANTON SMITH
   State Bar No.: 18649100

ATTORNEYS FOR CALVIN GILLIAM

_____
ROWLAND MARTIN, PRO SE

VOL 0809 PG 5879

| | | |
|---|---|---|
| IN THE MATTER OF | ) | IN PROBATE COURT #1 |
| | ) | |
| ESTATE OF JOHNNIE MAE KING | ) | IN AND FOR BEXAR COUNTY, TEXAS |

## RULE 11

### SETTLEMENT AGREEMENT

1.  The parties to this settlement agreement, Calvin Gilliam and Rowland Martin, agree to settle all claims and controversies between them which are asserted or assertable in the above captioned case. The parties believe that the value of the awards, releases and waivers received by each of them are satisfactory as consideration for settlement agreement, and that the terms are in the best interest of the Estate and the parties.

2.  The parties agree to the following awards as considerations for entering into this settlement agreement:

A.  The parties agree to an award of the following to Calvin Gilliam: (1) Bank of America account #03820-11014 with the January 2006 balance of $2,893.28; (2) American Express account #000-0011-3876-6976-002 with an approximate balance of $14,000.

B.  The parties agree to an award of the following to Rowland Martin: (1) 951 Lombrano Street, San Antonio, Tx, (2) 244 Henry Street, San Antonio, Tx; and (3) Washington Mutual Account #38636612-6 with the February 2006 balance of approximately $.58.

3.  The above captioned proceedings shall be resolved by means of the filing of this Rule 11 Settlement Agreement.

4.  The parties hereto agree to release, discharge and forever hold the other harmless from any and all other claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated (whether or not asserted in this case) arising from or related to the events, transactions and accounts which are the subject matter of this case, including those involving the Conservatorship of King, Case #PP-003988, Los Angeles Superior Court. This mutual release runs to the benefit of all attorneys and agents of the parties. Parties as used in this release includes all named parties to this case, as well as Garth Gilliam and Valora Flukers, and all related entities of the parties. Rowland Martin additionally agrees to waive claims for fees for services rendered as administrator in the Estate of King cause # 2001-PC-1263.

5.  Each signatory warrants and represents that:

A.  he has the authority to bind the parties for whom that signatory acts, and

B.  the claims, suits rights and/or interests which are the subject matter hereto are owned by the party asserting same, have not been assigned (except for attorney's fees), transferred or sold and are free of encumbrance other than property taxes, assessments, and costs including demolition fees. The parties further agree to indemnify each other in connections therewith.

C.  The parties agree to recognize the standing of Calvin Gilliam as a party to the Estate proceeding for purposes of executing and implementing the terms of this Settlement Agreement and the Agreed Order and Judgement authorizing it.

1

6.	The Motion To Approve Compromise and Settlement Agreement with Agreed Order and Judgement attached are the documents the parties agree to use to effectuate the terms of this settlement agreement. The parties agree to cooperate with such clerical revisions to those documents as are reasonably required to implement the terms and spirit of this agreement.

7.	This agreement is made and performable in the county in which the Estate was opened and shall be construed in accordance with the laws of the State of Texas.

8.	As other terms of settlement, the parties agree to bear all of their own attorney's fees.

9.	Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his choice.

10.	This agreement is not subject to revocation.

Signed this _4th_ day of ~~May, 2008~~. June 2007

_____		_____ 5/14/08
Calvin Gilliard		Rowland Martin

2